# Hamnett *v.* Monongahela Trust Company, Appellant.

*Trusts and trustees—Enforcement of trust—Parol gift of land—Costs.*

Where a son owning an equity in land gives the same by parol gift to his mother, and the latter after taking possession enters into an agreement with a trust company by which the company is to buy in the land at a foreclosure sale, and thereafter to convey the land to the mother on repayment of advances, interest and a certain commission, the mother by a bill in equity may compel a conveyance of the land to herself on proper tender, and if the trust company admits the agreement at the

trial, and states that it is still willing to carry out its terms, it is not necessary either to find fraud, or to resort to the finding that the company is a trustee ex maleficio.

Argued Oct. 29, 1908. Appeal, No. 198, Oct. T., 1908, by defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1907, No. 514, on bill in equity in case of Mary L. Hamnett v. Monongahela Trust Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to enforce a trust.

YOUNG, J., filed the following opinion:

This was a bill to have the defendant declared trustee for the plaintiff of certain lands described in the bill, situate in Mifflin township, Allegheny county, Pa.

### FINDINGS OF FACT.

1. That Guy Hamnett, a son of the plaintiff, was the holder of the legal title to the real estate described in the bill prior to August 6, 1906, and that it was subject to a mortgage to Irvin Redpath of $4,000, dated April 30, 1903, payable in three years, with interest from date.

2. On January 24, 1906, at No. 674, February Term, 1906, of the court of common pleas No. 3 of this county, the mortgagee caused a scire facias and alias scire facias to be issued on the mortgage above recited; and judgment was taken in default thereof July 13, 1906, and the real estate described in the bill sold to Irvin Redpath by the sheriff on August 6, 1906.

3. Guy Hamnett, the mortgagor, had removed from the state of Pennsylvania in the spring of 1904, and never returned. Prior to August 6, 1906, the date of the sheriff's sale, Guy Hamnett made a parol gift of the lands described in the bill to his mother, Mary L. Hamnett, who took possession of the same, paid the interest on the mortgage; paid the taxes; fenced it; leased it, and otherwise treated and claimed it as her own property.

4. The plaintiff learned of the foreclosure proceedings on the mortgage, and, desiring to secure for herself something

out of the proceeds of the sale of the real estate, consulted her attorney, J. Merrill Wright, who was at the same time solicitor for the Monongahela Trust Company, defendant, as to the method to accomplish that purpose. Wright advised the plaintiff that the only manner in which the title of her son, Guy Hamnett, to the lands could be divested was by sheriff's sale, and then Wright sought to obtain the aid of the defendant in assisting the plaintiff. The defendant agreed to purchase the lands in its own name, provided the sum of not more than $5,000 was necessary, then to dispose of the real estate as quickly and as profitably as possible and after being reimbursed the amount invested, together with six per cent interest, expenses, attorney's fees and a commission of ten per cent on the price at which it might thereafter sell the property, to voluntarily pay to the plaintiff such sum as might be left from the proceeds of such sale or sales, and to convey to the plaintiff whatever of the lands might be remaining. The agreement on the part of the defendant was not in writing, and it was especially stipulated and agreed to by the plaintiff that the control and management of the real estate after its purchase by the defendant, should be solely in the hands of the defendant. Before the sheriff's sale, Irvin Redpath, mortgagee, was advised of the arrangement which had been made by the plaintiff with the defendant, and consented that the defendant should purchase the property, and after sale of the property to Irvin Redpath and delivery of deed to him, he conveyed to defendant by deed dated August 26, 1906, and defendant paid therefor, the sum of $4,975, being in full of balance due on his mortgage, together with interest, costs, attorney's fees, etc., and no part of that consideration was paid by the plaintiff.

5. On January 19, 1907, defendant entered into a contract with James C. Kuhn for the sale of the five-acre tract for the sum of $8,500. The price of $8,500 was the fair market price for the five-acre tract on January 19, 1907, and it has not increased in value to the present.

6. About January 19, 1907, the plaintiff notified J. Merrill Wright and Monongahela Trust Company, that she was pre-

pared to pay it the sum of money it had invested, with interest, expenses, and ten per cent on the amount of money it had invested.

7. After the sale of the five-acre tract described as the seventh piece in the first paragraph of the bill, there still remained in the defendant, Monongahela Trust Company, twenty-seven lots of ground described as the first, second, third, fourth, fifth and sixth pieces in the first paragraph of the bill.

We conclude as matter of law:

### CONCLUSIONS OF LAW.

1. The Monongahela Trust Company, defendant, took the lands described in the writ in trust for the said plaintiff, to sell such portion of the lands as might be necessary to reimburse it the amount invested, with six per cent interest, expenses, attorney's fees, and a commission of ten per cent on the price at which it might thereafter sell such portion of the lands as might be sold, and reconvey to the plaintiff whatever of the lands might remain unsold.

2. The Monongahela Trust Company, the defendant, may complete the sale of the five-acre tract to James C. Kuhn for the sum of $8,500, and out of the proceeds thereof reimburse itself the amount invested by it, together with six per cent interest, expenses, reasonable attorney's fees and the commission of ten per cent on the sum of $8,500.

3. The defendant shall account for and pay over to the plaintiff the balance of the sum of $8,500 after deducting the amount necessary to reimburse itself, as set forth in the foregoing conclusions of law.

4. The Monongahela Trust Company, defendant, shall convey to the plaintiff all the remaining lands described in the bill, being those described as first, second, third, fourth, fifth and sixth pieces in the first paragraph of the bill.

5. That the costs of this proceeding be paid by the defendant.

### DISCUSSION.

The evidence satisfies us that Guy Hamnett made a parol gift of the lands in dispute to his mother, and that she entered

into possession of the same. Both the Monongahela Trust Company and its attorney, Mr. Wright, who was also attorney for the plaintiff, were willing to assist the mother to save something out of the lands, and a verbal agreement was made between the company and Mrs. Hamnett under the advice of their mutual attorney. We find that that agreement was that the trust company should manage the real estate, sell as quickly as possible a portion of it, reimburse itself out of the proceeds of the portion sold, including the money actually expended by it, the expenses of its management, six per cent on the amount invested to secure the title, reasonable attorney's fees and ten per cent on the amount received upon the sale of the portion sold. The defendant in its answer asserts that this was the agreement, and the president of the company admits it when on the stand and says that it is still the purpose of the defendant to carry it out. There is undoubted authority that a parol gift such as this and entry into possession by the donee, gives such donee an interest as would enable him to sustain a bill against the purchaser at sheriff's sale, who had promised to purchase for the benefit of the donee, and then refused to perform the promise, as trustee ex maleficio. In this case the defendant having alleged a trust and having afterwards through its officers admitted when the case was on trial that it had purchased the lands for the benefit of the plaintiff and was still willing to carry out the terms of the agreement, it is not necessary to find either fraud or to resort to the finding that the defendant is a trustee ex maleficio. We are only required to declare the trust as set up and proven by the defendant. If the defendant had offered before the bill filed to perform the agreement which it now admits, it might have saved the costs. As it is, we are of the opinion that the costs should be paid by the defendant.

*Errors assigned* were conclusions of law, quoting them.

*W. L. McConegly,* with him *J. Merrill Wright,* for appellant, cited as to the question of parol gift: Erie & Wyoming Valley R. R. Co. v. Knowles, 20 W. N. C. 131; Poorman v. Kilgore,

26 Pa. 365; Sower v. Weaver, 78 Pa. 443; Hart v. Carroll, 85 Pa. 508; Stewart v. Brown, 2 S. & R. 461.

Cited as to the payment of costs: Robertson v. Robertson, 9 Watts, 32; Payne v. Patterson, 77 Pa. 134; Kraft v. Smith, 117 Pa. 183; Dollar Savings Bank v. Bennett, 76 Pa. 402; Phillips v. Hull, 101 Pa. 567; Grove v. Kase, 195 Pa. 325.

*Galen C. Hartman,* for appellee.

PER CURIAM, January 4, 1909:

The decree is affirmed at the cost of the appellant on the findings of fact and the conclusions of law by the learned judge of the common pleas.