## Fort Pitt Stamping & Enameling Co. v. American Natural Gas Co., Appellant.

*Deeds—Deed by trustee—Good record title—Constitutionality of Act of July 11, 1917, P. L. 756.*

1. On a case-stated in ejectment, where the court is asked merely to decide whether or not a deed from a person named as "trustee" "passes a good record title," the court will decide the question in the affirmative, if it appears that the deed in question was made a quarter of a century before, and that it recited that the grantor, described as "trustee, party of the first part," made the deed "in pursuance of a request of the cestui que trust of the first party."

2. Not decided whether the word "trustee," after the name of a grantee in a deed, without more, is sufficient to put any one accepting a deed of such grantee on inquiry as to the extent of his authority to convey.

3. On a case-stated not raising the point, it is not necessary to decide the constitutionality of the Act of July 11, 1917, P. L. 756,

which undertakes to validate deeds theretofore made by "trustees without setting forth the authority to convey."

*Practice, C. P.—Case-stated—Facts not stated.*

4. Whatever is not distinctly and expressly agreed upon and set forth in a case-stated, must be taken not to exist.

Argued October 19, 1920. Appeal, No. 189, Oct. T., 1920, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 1659, for plaintiff on case-stated, in suit of Fort Pitt Stamping & Enameling Co. v. American Natural Gas Co. Before BROWN, C. J., MOSCH-ZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Case-stated in ejectment for land in Borough of Leech-burg. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff. Defendant appealed.

*Error assigned* was judgment, quoting it.

*Walter Lyon,* for appellant.—By an examination of the record by the purchaser, he would have discovered no power to convey the land free from any trust: Sad-ler's App., 87 Pa. 154; Kenworthy v. Equitable Trust Co., 218 Pa. 286; Bayard v. Farmers & Mechanics Bank, 52 Pa. 232; Flitcraft v. Ins. & T. Co., 211 Pa. 114.

*H. A. Heilman,* for appellee, cited: Hannen v. Ewalt, 18 Pa. 9.

OPINION BY MR. JUSTICE MOSCHZISKER, December 31, 1920:

This is a case-stated, wherein the facts agreed upon are as follows: On May 15, 1897, a limited partnership association owned in fee simple the real estate here in controversy, situate in Armstrong County, this State;

on that day, by deed duly recorded, the receivers of this partnership conveyed the premises to "H. G. Wasson, Trustee, his successors, heirs and assigns"; this deed, which is made part of the case-stated, shows through its various parts, the designation of the grantee just quoted, and recites that the conveyance is made in fulfillment of a judicial sale, pursuant to a decree entered in certain equity proceedings against the grantor partnership; on April 24, 1899, "H. G. Wasson, Trustee, party of the first part," by deed duly recorded, conveyed the property to George J. Gorman, this deed reciting that it is "made in pursuance of a request of the cestui que trustent of the first party"; "there is nothing contained in either of the above mentioned deeds, or on the records of Armstrong County, Pennsylvania, to show for whom, or for what purpose, the said H. G. Wasson was trustee, nor is there anything on the records of Armstrong County, or any other of said deeds, to show the right and power of said H. G. Wasson, Trustee, to convey said property." Gorman, by deed dated June 1, 1899, duly recorded, conveyed the property to Joseph G. Beale, who, on March 9, 1900, by a like deed, conveyed it to D. Wiley McCaughey, who, on April 11, 1900, by a like deed, conveyed it to the American Sheet & Tin Plate Co.; the last mentioned grantee, on March 13, 1915, by deed duly recorded, conveyed the property to the Fort Pitt Stamping and Enameling Company, plaintiff in the case-stated, who, on July 13, 1920, entered into an agreement with the American Natural Gas Company, defendant in the case-stated, to sell and convey the premises in question to the latter corporation, "in fee simple, clear of all encumbrances"; in pursuance of this agreement, plaintiff tendered a deed to defendant, which the latter refused to accept, "for the reason that the deed from H. G. Wasson, Trustee, to George J. Gorman......did not pass a good record title in fee simple to the said property."

The case-stated ends as follows: "If the court be of opinion, under the above stated facts, that the deed from H. G. Wasson, Trustee, to George J. Gorman passes a good record title in fee simple to the real estate above mentioned, judgment shall be entered in favor of the plaintiff," in a sum mentioned; but, "if the court be [of a contrary opinion] judgment shall be entered against plaintiff and in favor of the defendant."

The court below gave judgment for plaintiff; and, in pursuance of a right duly reserved, defendant entered the present appeal.

It is stated in 28 A. & E. Enc. L. (2d ed.) 1129: "Ordinarily the words 'trustee' or 'in trust'......contained in a deed......are deemed sufficient to put a transferee on inquiry." The preponderance of authority supports this rule: see Sturtevant v. Jaques, 96 Mass. 523, 526; Mercantile National Bank v. Parsons, 54 Minn. 56, 63; Railroad v. Durant, 95 U. S. 576. 579; and others cited in 28 A. & E. Enc. L., supra.

New York seems to have a contrary rule as to real estate (see Title Guarantee & Trust Co. v. Fallon, 91 N. Y. Supp. 497; Greenwood Lake, etc., R. R. Co. v. N. Y., etc., R. R. Co., 134 N. Y. 435); but, even in that state, so far as personal property is concerned, the rule accords with that stated in 28 A. & E. Enc. L., supra: see Swan v. Produce Bank, 24 Hun 277.

In Flitcraft v. Com. Title Ins. & T. Co., 211 Pa. 114, the chancellor squarely decided the Pennsylvania rule to be that the word "trustee," after the name of the grantee, in a deed, without more, was sufficient to put one accepting a deed of such grantee on inquiry as to the extent of his authority to convey; but the court in banc, when disposing of exceptions, whilst sustaining the chancellor's decree, decided the case on another point; and, when the final decree was appealed to this court, we affirmed per curiam, on "the opinion of the court below dismissing exceptions to the findings of the trial judge." Hence that case does not rule the question

sought to be brought before us on this appeal, as to the actual immediate effect of such a grant.

We use the expression "sought to be brought before us," because, as the case-stated is drawn, the point in question is not necessary of solution here. The case-stated does not give any facts, as to inquiries by the grantee from Wasson or by others dealing with the title, nor does it ask the court to decide anything as to the sufficiency or insufficiency of inquiries made; all the court is asked to decide is whether or not the deed from Wasson, trustee, "passes a good record title."

Since the deed from Wasson was executed, delivered and recorded more than a quarter of a century before the agreement of sale between plaintiff and defendant, in view of the recital contained in the former—that the grantor makes the conveyance pursuant to a request of his "cestui que trustent"—we must take it that the instrument "passes a good record title," after this lapse of time.

There is nothing in the case-stated to show who has been in possession of the premises during the period therein dealt with. If the property was held in trust, by Wasson, for one then in possession, and that possession still continues, how far, under such circumstances, if the trustee wronged his cestuis que trust, the actual title of the latter would be affected by the former's deed, is a point not now before us, and we leave it undecided. As previously suggested, confining our consideration to the facts contained in the case-stated (as we must, since "whatever is not distinctly and expressly agreed upon and set forth as admitted must be taken not to exist": Berks County v. Pile, 18 Pa. 493; Loux v. Fox, 171 Pa. 71), all we determine is the question of record title there presented; and, as to that, for the reasons hereinbefore given, we think the record, on its face, indicates a good title in the plaintiff. To this extent we concur with the court below.

It is only necessary to add, that, on the case-stated, as drawn, we are not called upon to express any opinion concerning the constitutionality of the Act of July 11, 1917, P. L. 756, which undertakes to validate deeds theretofore made by "trustees without setting forth their authority to convey."

The assignments of error are overruled and the judgment is affirmed.