## Welch *v*. Harrigan, Appellant.

*Practice, C. P.—Case stated—Facts not stated.*

When the parties agree upon facts in a case-stated, that which is not expressly agreed upon, and set forth, must be taken not to exist.

138, (1922).]       Syllabus—Statement of Facts.

*Corporations—Building and loan associations—Directors—Officers—Loans—Personal profit of officers for procuring loan.*

Building and loan associations have no authority to charge individual stockholders a commission for granting a loan. Directors and officers cannot use their position as a means of obtaining personal gain through charging stockholders a commission upon loans.

In an action by a vice-president of a building and loan association for commissions for obtaining a loan to a stockholder judgment in favor of plaintiff is erroneous and will be reversed on appeal.

Argued November 22, 1921. Appeal, No. 242, Oct. T., 1921, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1921, No. 239, for plaintiff upon case stated, in the case of Ben T. Welch v. John W. Harrigan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover commission for obtaining loan.

Case stated. Before JOHNSON, P. J.

The facts were agreed upon the following case-stated:

The parties to this case-stated agree to the following facts:

1st. That the plaintiff is a mortgage and real estate broker, with offices in the Penfield building, in the City of Philadelphia, and as such is engaged in the business of locating persons, corporations and others who will make loans of money in various sums and amounts on real estate to be secured by a bond accompanied by a mortgage.

2d. The said plaintiff is and has been since 1906, vice-president of the Central Building and Loan Association of Philadelphia and ex-officio a member of the board of directors of the said association.

3d. The defendant was at the time hereinafter mentioned the owner of certain real estate property upon which are erected a certain theatre and certain stores on Chester Road, in the Borough of Darby, Delaware County. He has been a stockholder in the Central Building and Loan Association, holding fifty shares of stock

in the said association about five years previous to the time hereinafter stated.

4th. On or about the first day of February, 1920, the defendant, knowing the said plaintiff to be such mortgage and real estate broker as well as vice-president of said Central Building and Loan Association, applied to said plaintiff at his real estate office for an increased mortgage loan in the sum of $15,000 and agreed that a prior mortgage of $7,500 held by said association placed through the office of said plaintiff for the said defendant some years previously, should be satisfied and a new loan secured, if possible, in the said sum of $15,000.

5th. Pursuant to said request and agreement plaintiff procured from said Central Building and Loan Association a loan of $15,000 for the said defendant on said premises. The said defendant executed, acknowledged and delivered his bond to said association in said sum of $15,000 and said mortgage was duly recorded at Media, Pa., in mortgage book No. 457, page 145. At the time fixed for settlement defendant refused to complete the transaction because plaintiff presented his bill for the usual brokerage commission of three per cent, for placing said mortgage.

6th. For the purposes of this case-stated, it is agreed that a proper commission to be paid to the plaintiff would be three per cent of the amount of the said loan, viz: $15,000 subject to the question of law involved. It is further agreed that the said plaintiff is a duly licensed real estate broker.

7th. Liability for the said brokerage commission is denied, by said defendant solely on the ground that plaintiff was vice-president, and by virtue of his office, ex-officio a member of the board of directors of the Central Building and Loan Association.

8th. It is agreed that the plaintiff was not a member of the property committee of said association that examined the premises owned by said defendant and approved the security offered for the said loan, but the

plaintiff was present and acting president at the meeting when the loan was approved, but did not vote thereon.

The following question of law is therefore submitted for the determination of your honorable court:

1st. Under the above stated facts is the plaintiff entitled to recover a commission from the defendant for placing said loan?

If the court should be of the opinion that the plaintiff is entitled to a commission, then the court is respectfully requested to enter judgment in favor of the plaintiff in the sum of four hundred and fifty dollars, with interest from February 20, 1920.

If the court shall be of the opinion that the plaintiff is not entitled to a commission, then the court is respectfully requested to enter judgment in favor of the defendant.

Costs to follow the judgment and each party reserves the right of appeal.

Judgment for plaintiff in the sum of $450. Defendant appealed.

*Error assigned* was the judgment of the court.

*Charles F. Eggleston,* for appellant.—Directors are bound to uberrima fides, and, where a director secures to himself any advantage over other stockholders, equity will treat the transaction as void: 10 Cyc. 788.

Equity will not allow directors to make a profit out of their trust: Keystone Surgical Supply Mfg. Co. v. Bate, 187 Pa. 460; Lum v. Ewen, 56 Minn. 278; Bank v. Downey, 53 Cal. 466; Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Commonwealth Title & Trust Co. v. Seltzer, 227 Pa. 410.

*Charles I. Cronin,* for appellee.—There was no secrecy or wrongdoing in the transaction, and the law does not prohibit ordinary and proper business dealings between a director and stockholder: Law v. Fuller, 217 Pa. 439.

OPINION BY PORTER, J., July 13, 1922:

The case stated upon which the parties agree and which will appear in the report of this case renders unnecessary any detailed recital of the facts. The plaintiff is and has been for many years vice-president and a member of the board of directors of the Central Building and Loan Association of Philadelphia, and he is, also, a licensed real estate broker. The defendant had for five years been a stockholder in said association and the association held a mortgage upon his real estate for $7,500. Defendant applied to the plaintiff for an increased mortgage loan in the sum of $15,000, out of the proceeds of which, if obtained, the first mortgage was to be paid and satisfied. Plaintiff procured the loan from the Central Building and Loan Association, he being present and acting as president at the meeting when the loan was approved by the board of directors, but he did not vote thereon. At the time fixed for settlement of the mortgage, the plaintiff presented to defendant a bill for a broker's commission of three per cent, whereupon the defendant refused to complete the transaction upon that basis. If, upon this state of facts, the defendant is liable for a commission, the amount thereof should be three per cent. of the mortgage. The court below entered judgment in favor of the plaintiff for $450 and the defendant appeals.

When the parties state the facts that which is not expressly agreed upon and set forth in a case stated must be taken not to exist: Fort Pitt Stamping Co. v. Gas Co., 269 Pa. 162. We must, therefore, take it as settled that this defendant did not make any express contract to pay commissions, if he is to be held liable, it must be upon a contract implied from the circumstances. It must be accepted as established, for the same reason, that this plaintiff did not make known to the building and loan association, or to its board of directors at the time he presided at the meeting which approved the loan, that he expected to make for himself any profit out of the trans-

action.   If the plaintiff is to profit by the transaction, that profit will be, so far as the corporation is concerned, a secret profit.    "The director of a corporation is a trustee for the entire body of stockholders, and by assuming the office, he undertakes to give his best judgment in the interests of the corporation in all matters in which he acts for it, untrammeled by any hostile interest in himself or others; and all secret profits derived by him in any dealings in regard to the corporate enterprise must be accounted for to the corporation": Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Keystone Surgical Supply Mfg. Co. v. Bate, 187 Pa. 460.   When he is to make a profit out of a transaction which involves a loan of money by the corporation, he must fully disclose the facts, or he may afterwards be called upon to disgorge his secret profits.   "The law has ceased to look at the mere form of the device employed, it now pierces through the surface and seizes upon the evils which lie within".: Tenth National Bank v. Smith Construction Co., 242 Pa. 269. "These general rules work no hardship to any one, they simply mean that those entrusted with the management of a corporation must be above board, fair and honest with its stockholders in all matters concerning the common enterprise or its control, and that one so situated, will not be permitted to derive any personal profit or advantage by reason of his position, distinct from his coshareholders": Porter v. Healy, 244 Pa. 437.   The stockholders of a building and loan association are to a great extent people of moderate means and they are entitled to the protection which these well established principles  give to all stockholders, to protect them against the rapacity of officers who seek to make a profit for themselves.   That there has been heretofore no reported case in which a director of a building and loan association had attempted to compel a stockholder to pay a commission for procuring a loan from the association speaks well for the manner in which such associations have been conducted.   Had this defendant expressly con-

tracted to pay the plaintiff a commission for obtaining this loan and had actually paid it, the money thus paid would have been in contemplation of law, the property of the association; the defendant not having disclosed the fact to the corporation. Building and loan associations are, within certain limitations, authorized to assess fines upon their stockholders and to exact a premium on loans, under well-established rules, which apply to all stockholders alike, but they have no authority to charge an individual stockholder a commission on a loan, which might involve gross discrimination and favoritism. The mere fact that this plaintiff did not vote, when the meeting of the board of directors, at which he presided, approved the loan, cannot operate to permit him to make a profit out of the transaction. The plaintiff acting as a director, owed a duty to all the stockholders, they were entitled to his best judgment, or at least that he should then and there state that he was interested in the transaction. The law would have regarded with suspicion and disapproval an express contract made between plaintiff and defendant under the facts agreed upon in the case stated, and, this being the case, the law will not imply from such facts a contract upon the part of the defendant to pay the plaintiff a commission.

The judgment is reversed and judgment is here entered in favor of the defendant.