# Kyle *v.* Hibbs et al., Appellants.

*Ejectment—Contract—Deed—Recitals—Pleadings—Evidence.*

1. Where litigation turns on an unrecorded contract between the grantees in a deed, shown by the pleadings and recitals in later deeds, its terms will control in determining the respective rights of the parties in an action of ejectment.

*Deeds—Tenants in common—Conveyance to three grantees, one named as trustee.*

2. A deed to one person "trustee for himself" and two others named, is a conveyance to the three persons of the legal title as tenants in common.

3. In such case, the person named as trustee is a passive trustee only, so chosen as a medium for conveying, if necessary.

*Ejectment—Tenants in common—Suit between.*

4. Ejectment will lie by one tenant in common against his joint owner, when ousted from possession, or when the right to participate in the enjoyment of the land is denied.

Argued May 13, 1924. Appeals, Nos. 62 to 65, Oct. T., 1924, by defendants, from judgments of C. P. Greene Co., June T., 1922, Nos. 313 and 314, on directed verdicts for plaintiff in case of Wm. J. Kyle v. Quin D. Hibbs and John T. Robinson et al. and Wm. J. Kyle v. Quin D.

Hibbs and Josephine Moore Heft et al.  Before Mosch-zisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Affirmed.

Ejectment for interests in coal lands.  Before Ray, P. J.

The opinion of the Supreme Court states the facts.

Judgments on directed verdicts for plaintiff in both cases.  Defendants appealed.

*Errors assigned* were, inter alia, directions for plaintiff, quoting record.

*W. J. Sturgis* and *W. C. Montgomery,* with them *Dean D. Sturgis* and *Thomas S. Crago,* for appellants.—The deeds to George L. Hibbs, trustee, vested the legal title in George L. Hibbs: Flitcraft v. Ins. Co., 211 Pa. 114; Inlow v. Christy, 187 Pa. 186.

The terms of the resulting trust were settled and the trust executed by the deed of George L. Hibbs, trustee, to Joseph E. Barnes and James R. Barnes.

Plaintiff's action was barred by the Act of 1856 relating to trusts: Braun v. First German E. L. Church, 198 Pa. 152.

The statute of uses has no application: Jourdan v. Trustee, 258 Pa. 347.

*H. E. Hackney,* with him *C. W. Waychoff* and *E. C. Higbee,* for appellee.—The recitals and admissions show a trust merely for the purpose of holding: McConnell's Case, 197 Fed. 438.

Higinbotham had a legal estate in an undivided one-third which he conveyed by his deed: Steacy v. Rice, 27 Pa. 75; Ahl v. Liggett, 246 Pa. 246.

The Hibbs deed conveyed his interest and estate in the land: Ulam v. Boyd, 87 Pa. 477; Quigley v. De Haas, 82 Pa. 267.

OPINION BY MR. JUSTICE SADLER, July 8, 1924:

These two actions of ejectment, raising the same question, and therefore considered together, as they were in the court below, involve the right of the plaintiff, Kyle, to recover a part of certain coal lands, the title to which he insists was secured by virtue of a sheriff's deed, bearing date March 9, 1920. It therefore becomes necessary to determine the interest of the execution debtor claimed to have been acquired. On June 14, 1901, an agreement or declaration of trust was entered into between Hibbs, Higinbotham and Joseph R. Barnes, providing that title should be taken to certain property, proposed to be purchased, by the first named, as trustee for the benefit of all three. This contract was not recorded, but is shown to have existed by the pleadings in both cases, as well as by recitals in deeds later executed, and proof of the terms of the understanding is established sufficiently to justify its consideration in determining the respective rights of the parties here: Preston v. Preston, 202 Pa. 515; Hamnett v. Monongahela Trust Co., 223 Pa. 247.

Two conveyances were made by the owners of certain tracts, dated June 12, 1901, and Sept. 14, 1901, to "George L. Hibbs, trustee," holding in fact for himself, Robert W. Higinbotham and Joseph E. Barnes, and both were recorded. Presumptively, this would give an interest in the land in question to the three as tenants in common, and would entitle each to a one-third interest in the land described. On March 10, 1902, Higinbotham conveyed all of his portion to Hibbs, Joseph E. Barnes and James R. Barnes, their heirs and assigns, and it is claimed by the plaintiff that this transferred a one-ninth share in the mining rights to those named, thus increasing that of Hibbs to four-ninths, Joseph Barnes to four-ninths, and James R. acquiring a one-ninth interest only. On the other hand, the defendants insist that this was, in effect, a substitution of a new party as cotenant in place of the grantor, and that James R. Barnes became thereby the owner of a full one-third interest in the property.

On March 20, 1902, Hibbs withdrew from the association, and conveyed to Joseph and James a two-thirds interest, though it is insisted that at the time he was the owner of only four-ninths, as stated above. This vested in Joseph, if the contention of the plaintiff is correct, six-ninths or two-thirds, and in James, one-third. In 1905, Joseph transferred half of his then share, or a third, to one Gans, and this interest is not in dispute in the present proceeding. James later sold his interest to John T. Robinson, who, in turn, deeded it to others, but it was reconveyed to him on December 7, 1921, and he is therefore named as a defendant in the first action. There is joined the wife of Hibbs, to whom any interest he might have had was devised by will, probated March 20, 1908. In the second case, she is also made a party, as is Josephine Moore Heft, who received a possible interest in one of the tracts involved by virtue of the deed of James R. Barnes, dated January 27, 1915, the grantee being one Kent, through whom Mrs. Heft claims. The facts above related were all shown by documents produced at the trial, and no oral testimony was introduced. Verdicts were directed for the plaintiff in both cases, and a refusal to enter judgments n. o. v., or grant new trials, followed. These appeals are from the decisions rendered.

Ejectment will lie by one tenant in common against his joint owner, as here, when ousted from possession, or where the right to participate in the enjoyment of the land is denied: McMahan v. McMahan, 13 Pa. 376. If Joseph E. Barnes became vested with the interest in the land, as now insisted, the purchaser of his share at sheriff's sale is entitled to judgment. His rights were such as were acquired under the original trust agreement, and the subsequent conveyance. Under the contract of 1901, Hibbs was merely a trustee for the benefit of the three who were parties thereto. This appears by the pleadings and recitals in the deeds offered in evidence, and was recognized in his own conveyance of 1902. The

mere fact that Hibbs was named a "trustee" did not prevent the transfer of the legal title (Fort Pitt Stamping & Enameling Co. v. American Natural Gas Co., 269 Pa. 162), though it may have furnished notice to prospective purchasers, and made inquiry requisite on their part: Flitcraft v. Com. T. & I. Co., 211 Pa. 114.

What would investigation have disclosed in the present instance? Only that Hibbs was holding, for the convenience of those interested, the title to the property, in which originally each individual named had admittedly a one-third interest, expressly agreed upon. He was only a passive trustee, so chosen as a medium for conveying, if necessary. That this was the understanding is evidenced when Higinbotham made his transfer. It cannot be said that the last named, when he executed his deed, was merely substituting James Barnes for himself as a cotenant or partner, intending thus to transfer a third interest to him; nor is there justification for the belief that when Hibbs withdrew in 1902, and made his conveyance, it was solely a recognition of the ownership of one-third shares of the other two tenants in common. There was an express trust in this case, whereby the individual interests of those involved were fixed, and no reason exists for construing the arrangement in any other way. By the agreement entered into, legal estates became vested in those associated (Steacy v. Rice, 27 Pa. 75), and it was within the power of Higinbotham, as well as Hibbs, to sell their respective interests. If this be so, then there remained in Joseph Barnes a one-third interest in both of the properties, as noted, and the plaintiff became the owner thereof by his purchase at sheriff's sale. It follows that the judgments entered for Kyle must be sustained, and the assignments of error overruled.

The judgments in both cases are affirmed.