Oriental Hall Association, Appellant, *v.* Allen et al.

Argued October 9, 1929. 

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ. 

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellant.—A president of a building and loan association may not act as agent for the association and at the same time represent the borrower in procuring a loan, for which service he is to receive a commission: Welch v. Harrigan, 79 Pa. Superior Ct. 138; Quell v. Boyajian, 90 Pa. Superior Ct. 386; Bird Coal & Iron Co. v. Humes, 157 Pa. 278; Keystone Surgical Supply Mfg. Co. v. Bates, 187 Pa. 460.

An agreement to pay a commission under such circumstances is contrary to public policy: Hendrickson v. Evans, 25 Pa. 441; Burkholder v. Beetem, 65 Pa. 496; Crossgrove v. Himmelrich, 54 Pa. 203.

*James R. Wilson,* for appellees.—The verdict of the trial judge sitting without a jury has the effect of the

verdict of a jury: Bowser v. Citizens L. H. & P. Co., 267 Pa. 483; Allegheny & Co. v. J. H. Hillman, 275 Pa. 191; Phila. & G. S. Co. v. Clark, 59 Pa. Superior Ct. 415.

OPINION BY TREXLER, J., November 22, 1929:

The plaintiff's statement in substance avers: an application was made to the Semper Fidelis Building & Loan Association for a mortgage loan of $15,000 upon premises owned by it and the loan was granted; George C. Allen and Henry S. Reed, trading as Allen and Reed, were in the real estate business and at the time of the granting of the loan, George C. Allen was president of the building and loan association; through the progress of the settlement of the loan, a claim was made by a son of George Allen for a commission of $1,315.50 and the assertion was made that if the commissions were not paid the settlement would fall through and the surrounding circumstances were such that the plaintiff association's representative was coerced into paying said sum and it now seeks to recover it. The trial was had before the court without a jury and judgment was entered in favor of the defendant, the plaintiff appeals.

The question submitted is, "Can a president and director of the building and loan association act in sufficient capacity as trustee and agent for the association and at the same time represent the borrower in procuring a loan for which services he is to secure a commission" and if an agreement to that end is made, is such an agreement contrary to public policy and if paid, can such sum be recovered?

The trouble with plaintiff's case is that the trial judge did not believe its side of the story and the facts assumed in the above question cannot now be considered. The judge found, and his conclusions were supported by competent proof, that the plaintiff association, the borrower, through its duly authorized agent

made a contract to pay the commissions for the placing of the mortgage and the commission was included in the settlement and was paid by it and no objection was made to its inclusion at the time of the settlement, nor for sometime thereafter and no duress was resorted to by anyone participating in the transaction. The plaintiff association paid for what it had bargained. If Allen and Reed, without the knowledge of the association, made a profit out of the transaction, such profit belonged to the association. This was decided in Welch v. Harrigan, 79 Pa. Superior Ct. 138, and Quell v. Boyajian, 90 Pa. Superior Ct. 386. There was, however, no testimony in the case that the commission was paid without the knowledge of the association. There was evidence in the case that Allen declined to make the loan and referred it to Reed who handled the transaction individually and not as a member of the firm of Allen and Reed.

To the above testimony, the trial judge gave credence and the judgment entered in favor of the defendant must be allowed to remain and the question of law propounded by the plaintiff requires no answer, for as already stated, it is premised upon facts which in view of the judgment entered in the court below, did not exist.

The judgment is affirmed.