Osborne *v.* Pittsburgh (et al., Appellants).

Argued April 14, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Niles Anderson,* Solicitor, with him *Edmund W. Ridall, Jr.,* Assistant Solicitor, for School District of Pittsburgh, appellant.

*John R. Bredin,* and *Pringle, Bredin & Martin,* for County of Allegheny, appellant.

*Joseph M. Tague,* Assistant City Solicitor, with him *David Stahl,* City Solicitor, for City of Pittsburgh, appellee.

OPINION BY GUNTHER, J., June 15, 1960:

Elizabeth Osborne fell on a sidewalk in Pittsburgh, Pennsylvania. She and her husband, John, brought suit against the City and the City joined Allegheny County and the School District of Pittsburgh as additional defendants.

The sidewalk, where the accident occurred, was adjacent to 1213 Warren Street—and the title to the property was in the City of Pittsburgh by virtue of a treasurer's sale.

The City of Pittsburgh conveyed the property (after the accident) to John F. Johnson, for the sum of $600.00 which was distributed among the City, County and School District in the following manner: the City's share was 58.1%; the School District's share was 30.94% and the County's portion was 10.96%. Notice of the sale was given to the County and the School District.

After a verdict was rendered against all three defendants the County and the School District filed motions for judgment n.o.v. on the ground that the City of Pittsburgh was solely liable by virtue of the fact that the legal title was in the City alone.

The acquisition of property by the treasurer's sale is one of the methods of recovering unpaid taxes. Section 15 of the Act, 53 P.S. 26115, provides that the

city shall be considered a trustee for the school district, when lands are purchased at a treasurer's sale for taxes. Section 2, 72 P.S. 6154.2 provides that the city shall hold the title in trust for itself and the other taxing bodies and shall make distribution of any income according to their respective interests.

The Act of July 28, 1941 P.L. 536, 72 P.S. 6151.1 provides for a sheriff's sale pursuant to which all three bodies take title jointly and may appoint an agent to manage the property. The treasurer's sale provides a simple and direct method to acquire and resell tax delinquent property. This method is less expensive and faster than the sheriff's sale. The sheriff's sale proceedings are slow, cumbersome and about four times more expensive. The treasurer's sale proceedings enable taxing bodies to collect a portion of their delinquent taxes and to place on the tax rolls tax producing properties, especially where buildings are constructed thereon.

The issue before us is whether or not the purchase of a delinquent tax property at a tax sale by one political subdivision to enforce its own tax liens operates to impose liability in tort for negligent acts of the purchaser of the property on other political subdivisions having tax claims against the property but who have not joined in the purchase.

The lower court concluded that there was liability. It stated that Allegheny County and the School District of Pittsburgh are bound to maintain safely the sidewalk on the unimproved properties purchased by the City of Pittsburgh at tax sales. With this contention we are bound to agree.

The Act under which the purchase in the instant case was made provides that the city shall be considered a trustee for the school district, when lands are purchased by the city at its treasurer's sale whereon school taxes are due and owed.

The County of Allegheny and the School District of Pittsburgh contend that since the City of Pittsburgh alone has possession and control, it alone is responsible for maintenance of the sidewalk. The School District also contends that it is immune from liability. That doctrine of the School District, however, has been exploded by the case of *Pintek v. County of Allegheny et al.,* 186 Pa. Superior Ct. 366, 142 A. 2d 296, which decided that holding of real property for delinquent taxes is a proprietary function with all liability attached.

The trustee in the instant case is subject to personal liability: *Miller v. Jacobs,* 361 Pa. 492, 65 A. 2d 362. The only problem before us is the question as to what the rights of the authorities are in regard to property purchased and held by one of them for the satisfaction of the taxes due to all.

The School District has a strong argument when it asserts that the City is primarily liable for the maintenance of its streets. The only weakness with that argument lies in the fact that the liability of the City is secondary and the primary liability rests upon the property which in this case is held by the three taxing authorities. *Ignatowicz, Appellant v. City of Pittsburg,* 375 Pa. 352, 355, 100 A. 2d 608. It must be admitted that both the School District and the County have an interest in the property whether it be real or equitable.

The City is correct in its contention that the County and School District should contribute in accordance with their proportionate interest at the time of the acquisition of the property by the City at the treasurer's sale.

Another convincing argument points out that the Act provides that the excess of the proceeds over taxes realized should be distributed to the other taxing bodies

in proportion to their tax levies. The implication is that all three bodies have an interest in the properties beyond the collection of delinquent taxes. We agree with the appellees that the title is vested in all three bodies and any tort liability should be jointly shared.

There is a written agreement among the City, County and School District for the management of property acquired at a sheriff's sale. While there is no similar agreement in treasurer's sale cases, it is correct to consider the City an agent of the other two taxing bodies. In both types of sales, the rental income which is produced is shared by the taxing bodies and share of the proceeds upon a resale is also distributed in accordance with the respective interests.

We do not agree with appellant's contention that the designation of the City as a trustee restricts the liability of the other taxing bodies.

It is the opinion of this Court that the County and School District should share in the payment of the judgment in accordance with the respective proportionate interest.

Judgment is affirmed.

---

CONCURRING OPINION BY MONTGOMERY, J.:

I concur in the decision of the majority of the Court in this matter for the reason that the trust created by the Statutes under which the City of Pittsburgh held title was a dry or inactive one. Act of July 5, 1947, P. L. 1258, §15, 53 P.S. 26115, and Act of June 25, 1947, P. L. 913, §2, 72 P.S. 6154.2. Particularly, is this true in the present case since there was no duty to collect and apportion rent because the property remained unleased. Therefore, the legal title to the property vested in the three municipalities, County of Allegheny, City of Pittsburgh, and School District of the City of Pittsburgh. *Kyle v. Hibbs et al.*, 281 Pa. 102, 126 A. 248.

DISSENTING OPINION BY WRIGHT, J.:

I respectfully dissent. It is my view that the purchase by the City of Pittsburgh of a tax delinquent property in its own name under the Act of July 5, 1947, P. L. 1258, does not operate to impose tort liability upon the School District of Pittsburgh and the County of Allegheny for the City's negligence in failing to properly maintain the adjacent sidewalk.