## Irwin's Administrator *versus* Brown's Executors.

The agent of three tenants in common of a tract of woodland, wrongfully cut down and sold the timber, and applied the proceeds to his own use: *Held,* that one of the owners could not waive the *tort,* and maintain a separate action of *assumpsit* for a share of the proceeds: the wrongdoer's legal liability being to all the tenants in common jointly, their action must be a joint one, whether sounding in *tort* or in contract.

If such tenant in common were a married woman, the injury, before the passage of the Act of 1848, gave a right of action to the husband and wife, which survived to the husband at her death.

ERROR to the Common Pleas of *Chester county.*

This was an action of *assumpsit* by Anderson Black, administrator of Hannah Irwin, deceased, against Robert Brown and James Brown, executors of James W. Brown, deceased, for money had and received by the defendants' testator to the use of the plaintiff's intestate.

Hannah Irwin, the wife of Jared Irwin, Jane Coulter, and George Gladden, were the tenants in common of a tract of woodland, containing about fifty acres, situated on the Welsh Mountain, in Chester county. James W. Brown, the defendants' testator, acted as the agent of the owners, in taking care of this property. And in 1843 and 1845, without the knowledge of his principals, he cut off the timber, sold it, and appropriated the proceeds to his own use.

Mrs. Irwin died in Michigan, in 1853, and as soon as Brown's act came to the knowledge of her surviving husband, he procured Anderson Black to administer to the estate of his deceased wife; and this action was brought for her proportion of the proceeds of the sale of the timber thus converted.

The court below, in answer to points presented by the plaintiff and defendants, instructed the jury: 1. That upon the severance of the trees from the freehold, Hannah Irwin's interest in them, as personal chattels, became the absolute property of her husband, by virtue of the marriage; and this suit in the name of her administrator could not be maintained. 2. That if any contract was to be implied in favour of Hannah Irwin, it was a joint contract with her and her co-tenants; and therefore, on her death, the cause of action survived to the other co-tenants, and this suit could not be maintained.

To this instruction the plaintiff excepted; and a verdict and judgment having been rendered for the defendants, he removed the cause to this court, and here assigned the same for error.

*J. J. Lewis* and *U. V. Pennypacker,* for the plaintiff in error, cited 1 *Chit. Pl.* 8; 5 *T. R.* 249; Borrell *v.* Borrell, 9 *Casey* 492;

[Irwin's Administrator *v.* Brown's Executors.]

17 *Mass.* 563; 5 *Casey* 467; 7 *Id.* 78; 2 *T. R.* 270; Hoar *v.* Axe, 10 *Harris* 384; Brubaker *v.* Robinson, 3 *Penn. R.* 295; Hopkins *v.* Forsyth, 2 *Harris* 34; *Story's Eq. Jur.* §§ 1211, 1250, 1261; 2 *Barr* 466; 2 *Story on Agency*, p. 254; 10 *Pet.* 269; Bartholomew *v.* Leech, 7 *Watts* 474; Leisenring *v.* Black, 5 *Id.* 303; Rankin *v.* Porter, 4 *Watts* 387.

*P. F. Smith* and *W. Butler*, for the defendant in error, cited *Smith on Contracts* 300, n.; United States Bank *v.* Macalester, 9 *Barr* 479; Smith *v.* Hodson, 4 *T. R.* 211; Rolls *v.* Yate, *Yelv.* 177; *Brown on Actions* 116, 117; Thimblethorp *v.* Hardesty, 7 *Mod.* 116; *Chitty on Contracts* 610; Entriken *v.* Brown, 8 *Casey* 367.

The opinion of the court was delivered by

LOWRIE, C. J.—We should be sorry to think that this is the only form of action that furnishes any hope of redress in such a case as this, for we are quite unable to apply this one. There is no contract, in fact, on which to ground it; and in constructing or implying one, we must have a duty out of which and according to which the construction may proceed. To enforce a joint or several duty, we impute a joint or several contract: 10 *S. & R.* 211; 14 *Id.* 111. Now, whether we treat the defendant's wrong as waste or trespass, his legal liability for it was to the tenants in common jointly: *Co. Lit.* § 315; *Roscoe on Actions*, &c. 665: and if the tort be waived and a constructive contract substituted, it must be a joint one. One cannot, by his election of a substitute, destroy the primary action to which his co-tenants were entitled with him.

It seems to us, that we say all we ought to say on the second point, by remarking that when the injury was done, it gave, if it was several, a right of action to the husband and wife which survived to the husband on her death. If the injury was to the three tenants in common, the right of action was not severed by the death of any of them.

Judgment affirmed.