Mrs. Lizzie M. Steele, formerly Lizzie M. McGill, J. Clark McGill and Lucy E. McGill *v.* James A. McGill, Appellant.

*Practice, C. P.—Parties—Action—Tenants in common.*

Four tenants in common joined in a mortgage for the benefit of one of their number, upon his promise to protect them from loss.

The mortgaged premises were afterwards sold for the debt, and the then cotenants joined in an action to recover for their loss.

*Held,* that the joinder was proper if the promise was made to them as cotenants.

Argued Oct. 21, 1895. Appeal, No. 14, Oct. T., 1895, by defendant, from judgment of C. P. Washington Co., August Term, 1893, No. 73, on verdict for plaintiffs. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a verbal contract. Before McILVAINE, P. J.

At the trial it appeared that on June 1, 1882, plaintiffs and defendant, who were tenants in common of a lot of ground in Washington, Pennsylvania, executed a mortgage to secure the purchase money of a store bought by defendant. Foreclosure proceedings were subsequently begun on the mortgage, and judgment entered on the scire facias. The parties interested in the lot then agreed to sell it at private sale, and apply the proceeds to the payment of the incumbrances upon the lot. The lot was sold for $1,600, and plaintiffs claimed that out of the money that was applied to the payment of the judgment on

the scire facias $796.03 belonged to them. They introduced evidence which tended to show that defendant undertook and assumed to pay this sum.

On this subject J. Clark McGill testified as follows:

" Q. What, if anything, did your brother say to you about going onto this mortgage and bond, or any risks that you ran? A. Some of the children objected to going on the bond and security there for him, and he said if we would go on there as security he would see we would never lose anything by it— both times that we went on. Q. Now, were your sisters present at that conversation? A. Yes, sir. Q. Do you recollect who else was present? A. No; I remember the family was there ; that is, my sisters and my mother ; we were all there together."

Anna M. Wilson testified to a family meeting while the sale was being negotiated, which was in 1887, as follows : " Q. Now, what was said on that occasion by your brother James ? A. Well, he said that the place would have to be sold, he would have to let some one sell it for us, or else the sheriff would sell it, but he said he would make it all right with us after it was sold, he would pay back the shares that he had taken to pay his debt. Q. Did he say that to you? A. He said it to all the family ; I was there."

Defendant's points were as follows :

1. The declaration in this case does not aver the making of any express promise by the defendant to pay the said plaintiffs jointly the aggregate amount that each might be required to contribute to the payment of the debts of the defendant; and the right to any recovery must rest upon the implied obligation of the defendant to indemnify each of the said plaintiffs for the amount that each severally might be required to pay for the said defendant, for which each has a separate action. No joint action can, however, be maintained, and the verdict of the jury in this case must be for the defendant. *Answer :* The binding instruction here asked for is refused. [1]

2. Under the plaintiffs' declaration no joint recovery can be had of the aggregate amount of money averred and claimed in the said declaration to belong to the said plaintiffs severally ; and the verdict of the jury must be for the defendant. *Answer :* The binding instruction here asked for is refused. [2]

3. There is no evidence in this case of any express contract made by the defendant with the plaintiffs to pay to the said plaintiffs jointly the aggregate sum to which they might be severally entitled, and the verdict of the jury must be for the defendant. *Answer :* The binding instruction here asked for is refused. [3]

4. The fact that the plaintiffs were tenants in common of the property pledged to secure the defendant's debt, and that the property pledged was afterwards sold by a conveyance in which all of the said plaintiffs joined, did not destroy the several right of each of the plaintiffs to his proportionate share of the proceeds of said sale, and the right of said plaintiffs to recover the amount contributed for the payment of the defendant's debts is several and not joint, and no joint action can be supported by the plaintiffs against the defendant, and the verdict of the jury must be for the defendant. *Answer :* The binding instruction asked for is refused. [4]

5. The uncontradicted evidence in the case showing that the debt of J. Clark M'Gill, one of the plaintiffs, was paid out of the proceeds of the sale of the real estate, amounting to more than his distributive share of the purchase money, the action cannot be maintained by these joint plaintiffs, and the verdict of the jury must be for the defendant. *Answer :* The binding instruction asked for is refused. [5]

6. Under all the evidence in the case the verdict of the jury must be for the defendant. *Answer :* Refused. [6]

Verdict and judgment for plaintiffs for $796.03. Defendant appealed.

*Errors assigned,* among others, were (1–6) above instructions, quoting them.

*J. M. Patterson, J. M. Braden* with him, for appellant.—The liability of the defendant was not to the plaintiffs jointly: Lockhart v. Powers, 2 Watts, 371 ; Siebert v. McHenry, 6 Watts, 301 ; 1 Washburn on Real Property, 5th ed. 676, sec. 5.

*M. L. A. McCracken, James Q. McGiffin* and *B. E. McCracken* with him, for appellees.

OPINION BY MR. JUSTICE WILLIAMS, November 4, 1895 :

The main question raised at the trial in the court below and now raised in this court is over the right of the plaintiffs to join in this action.

It appears from the evidence that they and the defendant were children of the same parents. To assist him in the pur chase of a one half interest in a grocery store they joined with him in the execution of a mortgage upon a piece of real estate in which as heirs at law of their deceased father they were tenants in common. He did not pay the debt which the mortgage was intended to secure and the property covered by it was sold to make payment. The plaintiffs were sureties for their brother, the defendant, and their individual interests or shares as tenants in common in the real estate sold have gone to pay his debt. It is alleged, and the jury have found, that the defendant undertook to reimburse his brother and sisters for the amount they might be compelled to pay for him by reason of the mortgage, or in other words to restore to them the value of their shares in the real estate held in common by them. Such a promise might have been proceeded upon by each of the cotenants separately, but we see no reason why they may not join, as they might do in trespass or in ejectment for an injury or an ouster from the common property. When tenants in common sever, each can recover only for his or her individual interest in that which is the subject of the action; but where they join in seeking redress for an injury to the property held in common the trespasser would not be heard to object to the joinder. For the same reason where one of several tenants in common promises his cotenants to indemnify them if they will risk the common property for his benefit, he ought not to object if they sue upon the promise as it was made.

If he had bought the interests of these plaintiffs from them and given his promissory note for the purchase price of the three shares, making it payable to the three vendors, it would not admit of doubt that they might join in an action on the note. Here the shares of the plaintiffs in the common property were sold under the supervision of the defendant, and for the payment of his debt. His verbal promise to reimburse them, made, as the jury have found, to these owners as his tenants in common, will support, as the note payable to the same three persons would have done, one action in the name of all the promisees.

It is said that one of the plaintiffs has already been reimbursed by the payment of his debt out of the proceeds of the sale of the mortgaged premises. If so it may be that the sum recovered may need to be distributed by the court below in such manner as shall secure to each a sum equal to his or her share in the fund.

The court below is entirely competent to deal with the subject.

The judgment is affirmed.