# McGara v. Ake, Appellant.

*Contract—Joint contract—Action—Parties.*

Where three persons make a joint contract of sale, one of them cannot, either in his own name, or in the name of the three to his own use, maintain an action to recover one-third of the purchase money.

Argued Oct. 12, 1909. Appeal, No. 87, Oct. T., 1909, by defendants from judgment of C. P. Indiana Co., June T., 1906, No. 189, on verdict for plaintiff in case of E. B. McGara, D. M. Smith and D. W. Krytzer, for the use of E. B. McGara, v. James D. Ake, H. E. Clark, J. O. Clark, who survive J. H. Engle, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover one-third of the purchase money on a contract for the sale of options on coal land. Before TELFORD, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,175.85. Defendant appealed.

*Error assigned* was (7) in refusing to enter judgment for defendants non obstante veredicto.

*Frank Keener*, with him *D. B. Taylor*, for appellants.

*J. N. Banks*, with him *John L. Getty*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

On August 23, 1902, David W. Krytzer, E. B. McGara and D. M. Smith, as parties of the first part, entered into a written contract with James D. Ake, H. E. Clark, J. O. Clark and J. H. Engle, as parties of the second part, by which they agreed to transfer to the said parties of the second part contracts or options which they held for the purchase of coal lands. The contract was clearly a joint one. By its terms the parties of the second part agreed to pay to the parties of the first part $6,000 for the transfer of the options by them jointly. There was no agreement that each of the parties of the first part should receive one-third of the consideration. The whole of it was to be paid to them jointly. McGara, the appellee, one of the parties of the first part, brought this suit originally in his own name as the legal plaintiff, to recover one-third of the amount due for the options that had been transferred. Subsequently, on his motion, there was an amendment by which E. B. McGara, D. M. Smith and D. W. Krytzer, for the use of the said E. B. McGara, became the plaintiffs, and the case was so tried. The statement shows that the suit by the parties of the first part to the contract, as the legal plaintiffs, is for the recovery by the use plaintiff of one-third of the sum to be paid by the parties of the second part. On the trial objection was made that, as the contract sued upon was a joint one, the use plaintiff was not entitled to recover the one-third of the contract price for the options. The court reserved this question, and, in disposing of the motion of the defendants for judgment n. o. v., held that the objection was not well taken. From the judgment entered for the plaintiff on the verdict we have this appeal, which orderly pleading requires us to sustain.

If the written contract had been so modified by the parties to it that the liability of the parties of the second part became, with their consent, one to pay each of the three parties of the first part the one-third of the contract price, each of the said parties could have brought a separate action, and this is what the appellee originally did. But he chose to not so proceed and substituted as the legal plaintiffs the three parties who were the joint vendors of the options. If he is to recover at

all in this action as the use plaintiff, he can recover only what the legal plaintiffs could recover. What they could recover is what is payable to them jointly, not severally, and there is no rule of pleading that permits them to bring, as joint obligees, a separate suit for what may be due to each one of them out of the fund to which they may be jointly entitled. What they have a right to sue for jointly is for what is due them jointly. The right of the appellee as the use plaintiff to recover is founded upon and limited to a claim they might jointly enforce. It is not pretended that there was any agreement by which they jointly could enforce in three separate actions the payment of three separate claims, and yet this is what has been attempted by the appellee in his amended action. That the appellants may have settled with Smith, one of the joint vendors, in a separate suit brought by him, is no reason why their objection now made to this disorderly pleading should not be sustained.

The seventh assignment of error is sustained, the judgment is reversed and is now entered for the defendants non obstante veredicto.