Beltonen *v.* Gruca and Cozel, Appellants.

Argued April 25, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*William McElwee, Jr.,* for appellant, cited: Havana City Ry. Co. v. Ceballos, 56 N. Y. S. 360; Diehl v. Stewartstown R. R. Co., 6 D. & C. 269; Dick v. Forshey, 71 Pa. Superior Ct. 439.

*Walter S. Reynolds,* for appellee, cited: Diebert v. Rhodes, 291 Pa. 550.

Opinion by Trexler, J., July 12, 1928:

The defendant delivered to the plaintiff a note containing a warrant for the confession of judgment. It was duly entered of record and thereafter the defendants made a motion to strike it off for the reason that "the precise residence address" of the creditor was not given when the note was presented for entry as provided by the Act of March 31, 1915, P. L. 39.

Section 1 of the Act reads as follows: "That the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent,

setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment.''

Section 2 provides: ''The prothonotary shall monthly prepare, and deliver to the county authorities who assess property for county tax purposes, a list of all judgments entered during the preceding month, with the names and residence addresses of the respective judgment creditors and the amount of the respective judgments.''

The note in question was in the ordinary form and the certificate of residence accompanying it was as follows: ''I hereby certify that the precise residence of plaintiff is 4th Ward, New Castle, Pa. Walter S. Reynolds, Attorney for Plaintiff.''

The only question in the case is whether the provision of the act requiring the ''precise residence address'' to be set forth is met by stating that the payee of the note resides in the 4th Ward, New Castle, Pa. The above act has been before this court and the Supreme Court in Deibert v. Rhodes, 91 Pa. Superior Ct. 23, s. c. 291 Pa. 550. The Supreme Court decided that the provisions of the act were sufficiently complied with where the creditor gives his address to the prothonotary and the latter endorses it on the back of the note and also on the face of the record. In such a case the prothonotary is to be regarded as the agent for the creditor.

The precise point raised now was not before the court in that case, but the comment of the Supreme Court is of assistance to us in the disposal of the present question. Judge WALLING, who spoke for the court, states: ''Considering the act as a whole, its sole object was to afford reliable record information to the taxing authorities ......'' Commencing with this premise that the object of the act is to secure information for taxing purposes, we must construe the meaning of the word ''precise'' in that connection.

The defendant argues that this requires the giving of the name and street address. Generally speaking, the precise address of an individual would include his street address, when he is living in a town, but considering the purpose of the act, does not the designation of the ward meet its requirements? The ward is the tax unit, that is, the territory ordinarily covered by an assessor and the assessment of which is entered into a separate duplicate.

As stated by the lower court, "the certificate contains sufficient information to supply notice of the judgment to the proper taxing authorities and since it is the duty of the assessor to cover the entire ward in the making of his assessments, there ought to be no difficulty to have the proper tax levied and assessed against the owner of the judgment." The whole act must be construed together and its declared purpose should guide us in its construction. We certainly would prefer to follow this course rather than to give a narrow construction to the word "precise" and thus allow a debtor who apparently has no defense to a judgment to evade his obligation.

The judgment is affirmed.