## Pennsylvania Ruggles Truck Sales, Inc., v. Bacastow.

*Charles C. Stroh*, for plaintiff; *Beidleman & Hull*, for defendant.

WICKERSHAM, J., March 18, 1929.—This was a motion filed by the defendant, praying for a rule upon the plaintiff to show cause why a judgment entered by it against the defendant, to the number and term above stated, should not be stricken from the record for the alleged reason that the certificate of the precise residence of the plaintiff did not comply with the requirements of the Act of March 31, 1915, P. L. 39, relative to the certificate of the creditor's residence; whereupon a rule was granted.

The answer of the plaintiff alleges, *inter alia*, that the judgment was not entered by the Prothonotary of Dauphin County inadvertently and without warrant or justification in law, as alleged in defendant's petition, but that the said entry of judgment was made properly by the said prothonotary upon the certificate of residence signed by his duly authorized attorney, and that such certificate so signed correctly sets forth his precise residence address. Plaintiff further states that on Dec. 19, 1928, and for one and one-half years prior thereto, and continuously since that time, he has resided at No. 514 East Kearsley Street, Flint City, Genesee County, Michigan State, which is his legal residence address. The answer prays the court that authority be granted his attorney to endorse *nunc pro tunc* on the judgment entered in the above proceeding the enlarged or expanded address set forth in the preceding

paragraph, should the court be of the opinion that the residence certificate now entered on said judgment should contain the street number.

The judgment in this case was entered upon a warrant of attorney contained in a bailment lease. On the back of the plaintiff's statement upon which judgment was entered is stamped with a rubber stamp the following: "I hereby certify that the precise residence of the judgment creditor is," and thereafter was written "Flint, Michigan, Dallas E. Winslow (Seal), judgment creditor, by Charles C. Stroh, Attorney." The contention of the defendant is that this certificate does not comply with the Act of March 31, 1915, P. L. 39, which provides as follows:

"Section 1. Be it enacted, etc., that the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent, setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment.

"Section 2. The prothonotary shall monthly prepare and deliver to the county authorities who assess property for county tax purposes a list of all judgments entered during the preceding month, with the names and residence addresses of the respective judgment creditors and the amount of the respective judgments.

'Section 3. All acts and parts of acts inconsistent with or supplied by this ıct are repealed."

This act was construed by the Supreme Court in the very recent case of Deibert v. Rhodes, 291 Pa. 550, from which we quote: "The essence of the thing to be accomplished by the Act of 1915 is the placing on record with a judgment the precise address of the plaintiff as notice to the taxing authorities, and this may be treated as mandatory; while the exact manner in which it will appear may be regarded as a matter of form and construed as directory."

On page 556, we quote from the opinion of Mr. Justice Walling as follows: ". . . The Act of 1915 imposes no penalty for its violation, and we are not required to impose one so drastic, when there has been a substantial compliance therewith."

It appears conclusively from the record, and is not here in controversy, that the plaintiff is not a resident of the Commonwealth of Pennsylvania. He is a resident of the State of Michigan and is not subject to the personal property tax imposed by the Act of June 17, 1913, P. L. 507, and its supplements. We are of the opinion, therefore, that the statement of his street address is not important; the essential information he gives is that he is a resident of the State of Michigan, and that, we think, under the circumstances of this case, is all the information that is necessary; it is a substantial compliance with the act of assembly. To hold otherwise would result in giving a narrow construction to the word "precise," and thus allow a debtor who apparently has no defense to a judgment to evade its obligation: Beltonen v. Gruca and Cozel, 94 Pa. Superior Ct. 32.

We are of the opinion, for the reasons above given, that the endorsement on the back of this judgment is a substantial compliance with the said Act of 1915. The rule granted to show cause why the judgment in this case should not be stricken from the record is dissolved, and the motion of the defendant praying that the judgment be stricken from the record is overruled.

From Homer L. Kreider, Harrisburg, Pa.