## Stewart, Appellant, v. Cummings, Admr.

58

Argued March 17, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Paul A. Kunkel,* for appellant.

*F. Brewster Wickersham* of *Metzger & Wickersham,* for appellee.

OPINION BY BALDRIGE, J., April 17, 1933:

This action in assumpsit was brought by the plaintiff to recover one-third of the purchase money of a farm sold to Charles E. Cummings at a public sale. This land was inherited by the appellant, his brother,

Ross C. Stewart, and his mother, Eva C. Stewart, from Charles W. Stewart, who died, intestate, on January 16, 1925, leaving to survive him his wife and the two children above named.

The plaintiff, in his statement as finally amended, alleged that he was the owner in fee simple of an undivided one-third interest in a farm of 85 acres, situate in Perry County; that "on the 9th day of September A. D. 1926, the said farm by common consent was put up at public sale on the premises. A duly employed auctioneer conducted the said sale and in due course the said farm was knocked down to the said defendant at his bid of Thirty-nine Hundred Dollars ($3,900) which he agreed to pay for said farm;" that a deed was executed and delivered to defendant, who accepted and recorded it in Perry County; and that the defendant has neglected and refused to pay the purchase price of $3,900. It is further averred that a secret agreement was made by plaintiff's cotenants with defendant for the payment of their respective shares, with the understanding that the plaintiff should not receive his portion of the purchase price.

The affidavit of defense sets forth, in substance, that defendant, at the request of Ross C. Stewart, bid the sum of $2,850 for the purpose of boosting the sale of the property, but that he was not the real purchaser thereof; that at no time was a deed delivered to him and the farm has remained continuously in possession of the tenants in common; that there was no secret agreement as alleged; and that Eva C. Stewart and Ross C. Stewart, the cotenants, were never paid any purchase money.

The case came on for trial, and after hearing the plaintiff's side, the trial judge entered a compulsory nonsuit. His action was based on the ground that the plaintiff, being one of the three tenants in common,

could not individually recover, as he failed to prove a severance of interest, by the payment to the cotenants of their respective interest.

The learned court below relied on the general rule that tenants in common must join in all personal actions, whether arising ex delicto or ex contractu, concerning the common property, in order to avoid a multiplicity of suits, unless there is a severance of claims: citing 7 R. C. L. 909; Irwin's Admr. v. Brown's Exrs., 35 Pa. 331 (to recover for the wrongful cutting of timber); Swint v. Oil Co., 184 Pa. 202, 38 A. 1021 (to recover rent). With that rule we find no fault. But this is not such an action as comes within that line of cases, as it is not based on a common right growing out of the property. As we have stated, it is to recover purchase money for the sale of a distinct and individual interest belonging to the plaintiff. In Steele v. McGill, 172 Pa. 100, 103, 33 A. 146, also cited by the learned court below, Mr. Justice WILLIAMS said: "It is alleged, and the jury have found, that the defendant undertook to reimburse his brother and sisters for the amount they might be compelled to pay for him by reason of the mortgage, or in other words to restore to them the value of their shares in the real estate held in common by them. Such a promise might have been proceeded upon by each of the cotenants separately, but we see no reason why they may not join, as they might do in trespass or in ejectment for an injury or an ouster from the common property. When tenants in common sever, each can recover only for his or her individual interest in that which is the subject of the action; but where they join in seeking redress for an injury to the property held in common the trespasser would not be heard to object to the joinder."

Chancellor KENT, in discussing the interest and rights of tenants in common, says, in the 4th volume

of his Commentaries, p. 404: "Tenants in common are persons who hold by unity of possession: and they may hold by several and distinct titles, or by title derived at the same time, by the same deed or descent...... Each tenant is considered to be solely or severally seized of his share...... The conveyance of the undivided share of an estate in common, is made in like manner as if the tenant in common was seized of the entirety." See, also, 7 R. C. L. 881. Blackstone, in his Commentaries, vol. 2, §§192 and 194, states that tenants in common are distinct and their titles are not joint but several. Having a separate estate, a tenant in common may convey or mortgage his undivided interest (38 Cyc. 112; Kyle v. Hibbs et al., 281 Pa. 102, 126 A. 248); he may maintain an action without the joinder of his cotenants, where such action is for the protection of his several interest, and where his cotenant is wrongfully maintaining an adverse position, or is not interested in the recovery: 38 Cyc. 118.

The fact that the cotenants agreed to join, and sell their interests at the same time, did not preclude the plaintiff from instituting his suit, without joining them, to recover for his separate interest in the land. The plaintiff's brother, Ross C. Stewart, was evidently hostile to the plaintiff's suit as it appears from the record that he sat at the defendant's counsel table, and, when called as a witness by the plaintiff, testified, when asked why he did not join the action: "Well, I had no cause to join". The execution of the deed, and placing it of record, especially when accompanied by the evidence that Cummings thereafter, on the 2d of July, 1928, executed a deed for the same premises to Oliver R. Burd, reciting therein that it was the property granted and conveyed to him by the appellant and his cotenants, which deed was duly recorded, was sufficient prima facie proof that the sale was con-

summated. McDowell v. Cooper, 14 S. & R. 296, holds that the giving by the grantee of a mortage for the purchase money is evidence of acceptance of the deed; and in 8 R. C. L. 1006, §67, it is stated: "Also, where a deed has been recorded, and the grantee has conveyed land as owner under the deed, with the concurrence of the grantor, this amounts to a delivery, though the deed was made without the knowledge of the grantee and was never actually delivered to him," citing Jackson v. Cleveland, 15 Mich. 94, 90 Am. Dec. 266. See, also, Restatement, of Contracts §106, which says: "Acceptance in the case of a sealed promissory writing or *conveyance* consists of a manifestation of assent to the delivery thereof, made to the promisor or grantor—such manifestation—may be made either before or after delivery." In Blaisdell Filtration Co. v. Bayard, 311 Pa. 6, Mr. Justice DREW, speaking for the Supreme Court, cited with approval the following extract from Section 72 (2) of the Restatement, Contracts: "Where the offeree exercises dominion over things which are offered to him, such exercise of dominion in the absence of other circumstances showing a contrary intention is an acceptance. If circumstances indicate that the exercise of dominion is tortious the offeror may at his option treat it as an acceptance, though the offeree manifests an intention not to accept."

Whether the plaintiff was a party to the alleged arrangement that the defendant should bid on the property for the sole purpose of boosting the price; that he was not to be regarded by the parties as a bona fide purchaser; and that a deed was not delivered —are matters for defense.

The appellees cite McGara v. Ake, 226 Pa. 228, 74 A. 309, where three persons entered into a contract with four other persons, by which they agreed to trans-

fer contracts or options which they held for the purchase of coal lands. An action was brought by one of the grantors, originally in his own name as the legal plaintiff, to recover one-third of the amount due for the options transferred. Subsequently, he amended the action by naming the three grantors, for his own use. The court held that he could not recover, as the consideration was payable to them jointly, not severally, as they were joint obligees. In the other cases relied upon by the appellees, the interests were also joint, not several as here.

In view of the plaintiff's separate and distinct right, it cannot be said, as a matter of law, that the interests of the cotenants were joint. Professor Williston, in his work on Contracts, vol. 1, p. 612, states: "As has been seen obligees, as a matter of law, cannot be entitled jointly and severally. It is necessary, therefore, to determine where there are several obligees whether their rights are joint or whether they are several. An important matter to observe here is whether the interests of the obligees are separate or whether they have between them but a single interest. It was at one time supposed that this test was so absolute that no words however express could justify construing the rights of obligees as separate if their interests were single or *vice versa*. But it is now well established that the rule is one of construction and creates merely a presumption, and that it is impossible to say that parties may not, if they please, use joint words so as to express a joint covenant, though their interests are several, but, 'if there be words capable of two constructions, we must look to the interest of the parties which they intend to protect, and construe the words according to that interest.' " In the Restatement, Contracts, §128 (2), in treating of several, joint, or joint and several rights, is is stated: "If no intention is expressed in such a

promise, the rights are several if the interests of the obligees in the performance of the promise are distinct; but if their interests in its performance are joint, or if any one of the obligees has neither a separate nor a joint interest in the performance, the right is joint." This question was considered in Satler Lumber Co. v. Exler, 239 Pa. 135, 151, 86 A. 793, wherein it is stated: "Whether a contract is joint or several depends upon the nature of the interest of the parties and the intention at the time it was made, and the rule is that if the consideration moves from the promisees separately, a promise to them is prima facie several."

Our conclusion is that the plaintiff made out a prima facie case, and the court was in error in refusing to strike off the nonsuit.

Judgment is reversed with a procedendo.