McCann to use of Hamrock, Appellant, et al. *v.* Miller et ux.

Argued April 24, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert E. Anderson,* with him *J. B. McAdoo,* for appellant.

*P. H. McGuire,* for appellee.

OPINION BY RHODES, J., July 18, 1935:

Frederick T. Miller and wife gave a bond and mortgage to Patrick F. McCann. Patrick F. McCann assigned the bond and mortgage to his two daughters, Katherine M. McCann (now Katherine M. Hamrock) and Nellie V. McCann. The assignment reads as follows: "For value received, the mortgagee within named, does hereby sell, assign, transfer and set over unto Katherine M. McCann and Nellie V. McCann and

assigns, the within mortgage, its accompanying bond and all moneys secured thereby."

On October 9, 1933, appearance was entered for and judgment confessed against the defendants upon the warrant of attorney in the said bond. Judgment was entered in favor of Patrick F. McCann, for use of Katherine M. Hamrock (formerly Katherine M. McCann) and Nellie V. McCann, and against Frederick T. Miller and Mary E. Miller, his wife. On October 10, 1933, writ of fieri facias was issued on the judgment, and the real estate of the defendants levied upon and advertised for sale. On October 23, 1933, Nellie V. McCann presented her petition in the court of common pleas, and a rule was granted on Katherine M. Hamrock to show cause why the judgment entered should not be stricken from the record and the proceedings on the writ of fieri facias stayed. In her petition she alleged that the bond had been entered without her knowledge and consent; that she objected to the entry of judgment and the issuing of execution, on account of general economic conditions; that neither of the use plaintiffs had made a demand upon the defendants to pay the debt; and that neither the petitioner nor the defendants were in a position to protect their respective interests. Katherine M. Hamrock filed an answer admitting that the proceedings had been instituted without the consent of her sister, Nellie V. McCann, but averred that she could pursue her rights regardless of the objection of her sister. The other averments were denied.

The court below made absolute the rule to strike off the judgment, and said: "We believe the law of contracts, more specifically that branch of the law pertaining to joint obligations and joint obligees, is the law which applies to this case. Our courts have held that an action in favor of two or more joint obligees must be joined in by all of the joint obligees and cannot be

sued upon by only one of the parties. In other words since the obligation is joint the action must be joint."

Katherine M. Hamrock appealed from the action of the court below, and assigns as error the order of the court making absolute the rule to strike off the judgment.

The appellee takes the position that, the interest being joint, the action must be joint.

We are of the opinion that the authorities relied upon by the appellee and the court below are not applicable.

In the càse of Sweigart v. Berk et al., 8 Sergeant & Rawle 308, a bond was given to ten obligees jointly, all of whom were living, and the action was brought by only seven of them. The court held that if a bond were given to several obligees, they must all join in the action, unless some be dead, in which case, that fact should · be averred in the declaration; and that if it appear on the face of the pleadings that there were other obligees living, who did not join in the action, it was fatal, on demurrer or in arrest of judgment.

In the case of Marys v. Anderson, 24 Pa. 272, seven of the eleven heirs, owners of real estate by inheritance, executed a lease for the property. One of the lessors sought to recover his fractional part of the rent. The court held that the contract being joint, the remedy on it must be joint also.

In the case of McGara v. Ake, 226 Pa. 228, 74 A. 309, it was held that where three persons make a joint contract of sale, one of them cannot, either in his own name, or in the name of the three to his own use, maintain an action to recover one-third of the purchase price.

In the case of Meredith v. Punxsutawney Nat. Bank, 275 Pa. 314, 119 A. 586, it was held that, as the contract was joint, the action should have been joint, and as it was not, there could be no recovery.

These cases are plainly distinguishable from the case

124

at bar. In the instant case there is no joint contract, and there are no joint plaintiffs. The assignees of Patrick F. McCann, the obligee in the bond, are not joint obligees. The bond is not a joint obligation. This is a case where the obligors made a promise to a single obligee, and the judgment was entered in the name of that obligee against the obligors. The fact that Patrick F. McCann assigned the bond in question to his two daughters does not change the legal status of the obligation. The bond contained a warrant of attorney to appear and confess judgment against the obligors, and the judgment was so entered in favor of the obligee (and legal plaintiff) to the use of those to whom he had assigned. The obligors who signed the bond containing the warrant of attorney have made no objection to the validity of the obligation or to the regularity of its entry. The judgment was properly entered. No valid reason has been assigned for striking off this judgment.

The court below erred in making absolute the rule to strike off the judgment entered on the bond.

The assignment of error is sustained. Order of the court below is reversed, and the judgment is reinstated.