## Weigel v. Sutton et ux.

558

*Mark E. Garber*, for plaintiff.

*W. E. Shissler*, for defendants.

REESE, P. J., May 26, 1938.—Plaintiff, on December 17, 1937, filed a bill in equity to enjoin defendants from constructing a bakery and store annexed to the rear of their premises at 545 Hummel Avenue in the Borough of Lemoyne. The property of defendants is the eastern half of a double frame dwelling, and plaintiff avers that he is "the owner of an undivided interest" in the property at 547 Hummel Avenue, which is the western half of the said double dwelling house.

Defendants have filed preliminary objections to the bill, one of which is that the owners of the undivided interests, i. e., plaintiff's cotenants, should be joined as parties. As a general rule, tenants in common must join in all personal actions, whether arising ex delicto or

ex contractu, concerning the common property: Stewart v. Cummings, Admr., 109 Pa. Superior Ct. 57. The reason is apparent: in all such actions there is an injury to the possession, or the action involves the possession as to which the tenants in common hold in unity.

But we believe an entirely different question is involved in a suit like the present to enjoin a nuisance on premises adjacent to or in the vicinity of the property owned by tenants in common. The interest or estate of one cotenant is capable of being injured, and he is entitled to have it protected from irreparable injury, whatever course his cotenants may see fit to pursue. He claims nothing against his cotenants, and they are not indispensable parties to a determination of his rights. Accordingly, it has been held that one tenant in common, injured by a nuisance, may sue to enjoin the nuisance without making his cotenants parties, either as plaintiffs or defendants: The Debris Case, 16 Fed. 25, 34; Hewitt v. Story et al., 64 Fed. 510; Union Mill & Mining Co. v. Dangberg et al., 81 Fed. 73, 87; Rose v. Saunders et al., 69 F.(2d) 339, 340; Payne v. Hook, 7 Wall. (74 U. S.) 425, 431; Rush v. Cornett, 169 Ky. 714, 185 S. W. 88.

"Among the actions or proceedings which tenants in common may, in a proper case, maintain separately as against third persons are . . . proceedings for enjoining injury to the common property": 62 C. J. 565, sec. 250.

The cases cited by defendants are easily distinguishable from the instant case. In none of them was plaintiff seeking to enjoin a nuisance. We agree fully that in equity proceedings all persons who are materially interested in the event of the suit or in the subject matter should be made parties, but in a suit like the present, to enjoin a nuisance, plaintiff's cotenants as well as all other property owners in the vicinity may properly join as parties plaintiff, but we do not regard them as indispensable or necessary parties for the proper adjudication of the probable issues in the present suit. There is no more reason to require plaintiff to join his cotenants as parties

than there would be to require him to join as parties all other property owners in the vicinity who might be injured by the alleged nuisance.

Another objection to the bill sets forth that any interest that plaintiff has in the premises is as one of the heirs of David Weigel, deceased, and that, since the premises must be sold for the debts of said decedent, plaintiff has no interest in the premises. This objection cannot be sustained for two reasons: (1) It is in the nature of a speaking demurrer; and (2) the heirs of decedent own the real estate even though their title might be divested by a sale for the payment of decedent's debts.

Paragraph 5 of the bill avers that plaintiff "is the owner of an undivided interest" in 547 Hummel Avenue. Defendants' objection that this averment does not sufficiently set forth the extent or nature of plaintiff's interest must be sustained.

Likewise, defendants' fourth objection is sound. Plaintiff avers, in paragraph 16 of the bill, that Hummel Avenue is "presently free from fire hazards." This is indefinite. Plaintiff should aver what portion of Hummel Avenue is free from fire hazards and the nature of such hazards. Paragraph 20 is also indefinite. It avers that defendants' proposed bakery will be unsafe and a fire hazard "because of improper method of construction." Plaintiff should specify in what respect the method of construction is improper.

In paragraph 19 of the bill the premises at 547 Hummel Avenue are first referred to as plaintiff's property, whereas later in the same paragraph plaintiff's interest is referred to as "leasehold." Paragraph 21 refers to plaintiff as "tenants of the adjoining property at 547 Hummel Avenue," whereas prior averments of the bill describe plaintiff as owner. These inconsistencies are objectionable.

Paragraphs 17, 18, 19, 21, and the concluding paragraph refer to "plaintiffs," whereas there is only one party plaintiff. Objection thereto must be sustained.

The final objection must also be sustained. The affidavit to the bill is in such form that it should conclude with the statement that plaintiff expects to prove the facts averred upon the trial.

And now, May 26, 1938, the first and second preliminary objections are dismissed and the remaining preliminary objections are sustained to the extent indicated in the opinion filed herewith. Plaintiff is required, under Equity Rule 49, to file an amended bill within 30 days from this date.