## Reinsmith v. McCready

*John F. Stine, Jr.,* for plaintiff.
*Stanley V. Printz,* for defendant.

HENNINGER, P. J., July 24, 1944.—On August 13, 1929, defendant executed and delivered to plaintiff his mortgage bond for the penal sum of $2,000, which plaintiff on August 14, 1929, assigned, with the accompanying mortgage, to United States Bond & Mortgage Company and which said assignee, on September 15, 1932, assigned to Allen J. Fried.

On April 19, 1944, judgment was entered on the confession in said bond to the above term and number against defendant and in favor of plaintiff, and the above-mentioned assignments were simultaneously filed in the prothonotary's office, showing Allen J. Fried as the ultimate assignee and real party in interest.

Defendant, without averring any defense, has moved to strike off the judgment because it violates Pa. R. C. P. 2002, in that the action was not prosecuted in the name of the real party in interest and cites in support of his

motion Market Street Trust Co., to use, v. Grove, 46 D. & C. 605.

We note two circumstances in this case: (1) That there is no præcipe in this case; and (2) that the bond and assignments bear an entry stamp showing entry of all papers at exactly the identical time, down to the minute.

The lack of a præcipe indicates that the caption of the case is the decision of the prothonotary and not the direction of plaintiff. The simultaneous filing of the papers shows that at no moment was there a withholding of the name or identity of the real party in interest. What more the real party in interest could have done we cannot say.

We find, therefore, that this action complies with the letter and the spirit of Pa. R. C. P. 2002 (*a*) in that it certainly is being prosecuted by the real party in interest and, by having the judgment assigned at once to himself, it is being prosecuted in his name. In our opinion, the purpose of the rule was to simplify the practice of the law, to avoid legal fictions, to do away with technicalities, and to prevent the inequity of a real party in interest hiding behind a legal plaintiff.

To hold that what defendant considers an inapt caption of the case destroys plaintiff's rights would nullify all of those purposes.

We pass no judgment upon the authority of Market Street Trust Co. v. Grove, supra. We simply say that in this case the action was begun by and is being prosecuted by and in the name of the real party in interest.

It is unnecessary for a plaintiff to file a præcipe in order to enter judgment upon a confession of judgment in a bond: Hefer v. Hefner and Hefner, 95 Pa. Superior Ct. 551. Nor, at least prior to the new Rules of Civil Procedure, was it improper to enter a judgment by confession in favor of a legal plaintiff, who, at the time of entry, had no beneficial interest in the obligation:

Fritz v. Horten, 243 Pa. 187; McCann, to use, et al. v. Miller et ux., 118 Pa. Superior Ct. 120.

We cannot believe that the new rules were intended to put any pitfalls in the path of a real party in interest who disclosed his identity and immediately became a party to the record. The filing of assignments in proof of his ownership takes this case out of the ruling in Boggs v. Levin, 297 Pa. 131. Furthermore, the objection in that case was not the absence from the record of the real party in interest but the failure of Boggs, after making himself a party, to show that he was the lawful holder of the obligation. We regard the case of Deibert, to use, v. Rhodes, 291 Pa. 550, as controlling this one. In that case, the plaintiff in a judgment, confessed 10 years after the passage of the Act of March 31, 1915, P. L. 39 (since repealed), failed to produce a certificate signed by the judgment creditor or his attorney or agent setting forth his precise residence, but merely had his address endorsed on the back of the judgment note. Despite the language of the act that "the prothonotary . . . is directed not to enter any judgment" unless such signed certificate was produced, the Supreme Court held that, while the furnishing of the address was mandatory, the manner of furnishing it was directory, citing Coolbaugh v. Herman, 221 Pa. 496. The Pennsylvania Superior Court later, in Beltonen v. Gruca and Cozel, 94 Pa. Superior Ct. 32, held that while the words "precise residence address" ordinarily meant street and number, because this act was for facility in taxation only, the naming of the ward of plaintiff's residence was sufficient.

The Deibert case and the Beltonen case above cited clearly show that we are permitted to inquire into the purpose of procedural requirements and that if there is substantial compliance with the purpose of such rules, mere technical deviation from the strict letter shall not deprive a litigant of his substantive rights.

In our case, plaintiff has complied with the purpose of Pa. R. C. P. 2002 by disclosing his interest in the confessed judgment, and the entry of judgment in favor of another, the legal plaintiff, having deprived defendant of no substantive rights, does not vitiate the judgment now and immediately marked to his interest.

Since defendant has asserted no defense on the merits, we have no ground to exercise our discretion to convert a rule to strike off into a rule to open.