## Sesler et al. v. South Fayette Coal Co.

Before Carr, P. J., Morrow and Matthews, JJ.

*Rufus S. Marriner*, for involuntary plaintiffs.

*Spurgeon & Spurgeon*, for Allen E. Sesler, plaintiff.

*Henderson, Parshall & Crow* and *Carl Wise*, for defendant.

CARR, P. J., July 7, 1948.—This writ of scire facias to foreclose a mortgage made to five persons jointly was sued out on October 7, 1947, by the assignee of one of them in the names of all. The mortgage, dated April 1, 1927, was given to secure the payment of $439,527.50 in nine annual installments, the last of which was due on April 1, 1936, and it was alleged that there was on the date of the writ an unpaid principal balance of $221,000, together with arrearages of interest since April 1, 1933, amounting to $195,464.89, and taxes delinquent since 1932. On the day that the case came on for trial three of the mortgagees whose interests amounted collectively to 64.536 percent of the mortgage debt presented a petition setting forth that they had not authorized the use of their names and were unwilling to proceed, wherefore they asked for a rule upon counsel to file their warrants of attorney, and upon plaintiff assignee to show by what authority he had instituted the action, all proceedings to stay pending the determination thereof. After consideration, we refused the rule, but gave leave to counsel for involuntary plaintiffs to appear specially, which they did. The case was then tried and a directed verdict returned in favor of all plaintiffs for the unpaid portion of the mortgage debt together with interest, taxes, attorneys' fees, and costs. Subsequently a motion was made by defendant for a new trial, which we have overruled and refused in a separate opinion filed herewith.

The right of one having an undivided interest in a mortgage to join the other owners as involuntary plaintiffs in an action to foreclose rests upon Rule 2227 of the Pennsylvania Rules of Civil Procedure, which provides as follows:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants. (b) If a person who

must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

Here the cause of action is purely joint, and without the joinder there would be an obvious defect of parties plaintiff: McCann, to use, v. Miller et ux., 118 Pa. Superior Ct. 120, 123. A note of the Procedural Rules Committee to rule 2227(b) specifically mentions an action in rem as a proper case for such joinder.

It is not to be supposed that Pa. R. C. P. 2227 introduces any new form of procedure. The same rule has prevailed in this State for more than 100 years. In Sweigart v. Berk, 8 S. & R. 308 (1822), which was an action on a bond, it was laid down that the court would permit those who were unpaid to make use of the names of the other joint obligees against their consent. See also Baker et al. v. Keystone Coal Co., 14 Luz. 5, which, as here, was a scire facias on a mortgage; and section 130 of A. L. I. Restatement of the Law of Contracts, which is undoubtedly a correct statement of the common law. If one of the joint owners of a mortgage could not against the protest of the others thus sue to enforce his security, he could be indefinitely delayed and his security impaired, if not destroyed, at their mere will and caprice. His right would be without a remedy, which the courts could not permit. Section 11 of article I of our Constitution provides that:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have a remedy by due course of law, and justice administered without sale, denial or delay."

We are therefore of opinion that the petition was properly dismissed.