## Rose v. Knoos

*Norman R. Bradley*, for plaintiff.
*Joseph Blank*, for defendant.

MACNEILLE, P. J., October 13, 1948.—This is a petition and rule to strike off judgment and set aside fi. fa. real estate.

On December 31, 1945, defendant obtained a mortgage and borrowed $2,800 from the Cannstatter Building Association by executing and delivering his bond and by transferring and pledging as additional security 14 direct reduction loan shares. On or about June 15, 1948, the Cannstatter Building Association assigned the mortgage, secured by the reduction loan shares, and bond and warrant to plaintiff. On or about August 11, 1948, judgment was entered on the bond, damages assessed, and on or about September 8, 1948,

a fi. fa. real estate issued, returnable the first Monday of October, 1948.

The petition and rule and answer thereto raise two problems. First, whether the warrant of attorney limited confession of judgment to the Cannstatter Building Association. Second, whether the Building and Loan Code prohibited the assignment of the mortgage.

The body of the bond provides that defendant is obligated to pay the mortgage debt to " . . . said Obligee, its certain attorney, successors or assigns. . . ."

The bond also provides for a confession of judgment in the following language:

" . . . the said Obligor does hereby authorize and empower the Prothonotary, or Clerk, or any Attorney of any court of the Commonwealth of Pennsylvania, or elsewhere, to appear for me . . . to confess a judgment or judgments against the said Obligor . . . "

The bond then further provides:

" . . . and the words 'Obligor' and 'Obligee' wherever used, shall include their heirs, executors, administrators, successors, vendees or assigns."

We believe the above provisions of the bond and warrant of attorney are broad enough to permit the assignee of the obligee to confess judgment on the bond. A warrant of attorney contained in a bond, and general in its terms, is normally considered to be as broad as the obligation and therefore to enure to the benefit of the assignee. See McCann v. Miller, 118 Pa. Superior Ct. 120, Fritz v. Horten, 243 Pa. 187; Wilson et al. v. Vincent et al., 300 Pa. 321. See also Freeman in Judgments, 5th ed. 1925, p. 2744, §1332.

The second question is whether the assignment of the mortgage was prohibited by section 905 of the Building and Loan Code of May 5, 1933, P. L. 457, 15 PS §1074-905, which provides:

"Except as otherwise specifically provided in this Act, an association which is not in the possession of a liquidating trustee or liquidating trustees, pursuant to a plan of voluntary dissolution, shall not, except with the written consent of the owner of the real property upon which a share mortgage is secured, sell, transfer, or assign such mortgage, and it shall not sell, transfer, or assign any mortgage or other encumbrance until every subsequent mortgage or encumbrance owned by it upon such real property shall have been paid in full. The corporation or person to whom such transfer, sale, or assignment is made shall not have the power to charge fines or premiums, unless such corporation is a building and loan association."

It thus seems clear to us that section 905 prohibits, without the written consent of the owner upon which a share mortgage is secured, the assignment of such mortgage. There is no prohibition against the assignment of a mortgage secured by direct reduction loan shares. The bond in the present case specifically states that the obligation is secured by "Fourteen direct reduction loan shares". The bond further provides that the obligation is "created under the provisions of Section 907, paragraph B of the Building and Loan Association Code". This section deals specifically with direct reduction mortgage loans. Further, section 903 of the code, as amended by the Act of March 15, 1937, P. L. 63, 15 PS §1074-903, defines and distinguishes between a share mortgage loan and a direct reduction mortgage loan. If the legislature had intended to include direct reduction mortgage loans under section 905, it could well have done so when the code was amended by the Act of March 15, 1937, P. L. 63. Not having done so we are bound to decide that section 905 has no application here and that the assignment of the mortgage to plaintiff was valid.

Wherefore, defendant's rule is discharged.