**LONDON et al. v. KINGSLEY.**

Civ. A. No. 3255.

United States District Court
M. D. Pennsylvania,
Nov. 23, 1948.

84

Peter P. Jurchak, of Wilkes Barre, Pa., for plaintiffs.

M. J. Martin, of Scranton, Pa., for defendant.

WATSON, Chief Judge.

The Plaintiffs in the Complaint in this action claim interest in certain coal lands, located in Pennsylvania and alleged to be in the possession of the Defendant, as heirs of one Isaac London, Deceased, and as such ask that the Defendant, his servants, agents, and lessees be ordered to surrender possession of said coal lands, to render an immediate accounting of the amount of coal mined by him on said coal land, and to pay the total amount of mesne profits derived from coal mined, and that a receiver pendente lite be appointed to collect and receive royalties from coal now being mined and to conserve and manage said coal land until final adjudication.

The Defendant filed a Motion to Dismiss on the ground that it appears on the face of the Complaint that jurisdiction of this Court depends upon diversity of citizenship, and that said diversity is not shown since the Complaint alleges that certain of the Plaintiffs are citizens of the same state as the Defendant. Subsequent thereto, on motion of the Plaintiffs to discontinue as to certain Plaintiffs, an order was entered by the Court discontinuing the action as to those Plaintiffs, who appear from the Complaint to be citizens of the same state as the Defendant, without prejudice to the remaining Plaintiffs who do not appear from the Complaint to be citizens of the same state as the Defendant. This Motion to Dismiss is now before the Court for disposition.

Although an original Complaint is not maintainable because one or more of the Plaintiffs therein are citizens of the same state of which the Defendant is a citizen, the jurisdictional defect may be removed and the cause proceeded with following a dismissal of the Complaint as to those Plaintiffs who are citizens of the same state as the Defendant, unless such Plaintiffs are indispensable parties. Drumright et al. v. Texas Sugarland Co., et al., 5 Cir., 1927, 16 F.2d 657, certiorari denied, 274 U.S. 749, 47 S.Ct. 764, 71 L.Ed. 1331; Anglo California National Bank of San Francisco v. Lazard, et al., 9 Cir., 1939, 106 F.2d 693; Alderman et al. v. Elgin, J. & E. Ry. Co., 7 Cir., 1942, 125 F.2d 971.

Since the Plaintiffs claim the real estate by descent, they hold, if at all, as tenants in common under the Pennsylvania Intestate Act, 1917 P.L. 429, 20 P.S. § 132. The Pennsylvania rule as to suits by tenants in common against third persons is that tenants in common must join in all personal actions concerning the common property or based on a common right growing out of the property, unless there is a severance of claims. This rule which now prevails was announced by the Supreme Court of Pennsylvania nearly ninety years ago. Irwin's Adm'r v. Brown's Exr's 1860, 35 Pa. 331; and Stewart v. Cummings, Adm'r, 1933, 109 Pa.Super. 57, 165 A. 544. In 30 Corpus Juris Secundum, Equity, § 143, at page 576, the general rule as to suits by co-owners or co-claimants is stated as follows: "It is, of course, impossible to divest or destroy a title by suit in which the holder of title attacked is not a party; and therefore, where the decree is to affect a title, all holding or claiming such title must be brought in."

The motion presents the single question of whether the Plaintiffs as to whom the order of discontinuance was entered, that is, certain of the co-tenants, are indispensable parties to this action.

An indispensable party is a person who not only has an interest in the controversy but an interest of such nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Steinberg v. American Bantam Car Co., D.C. W.D.Pa. 1948, 76 F.Supp. 426. Where interests of the parties before the Court are separable from those of the parties omitted, and the Court can do justice between the parties before it, without prejudice to the rights of the absentees, jurisdiction will be maintained. Seeley v. Cornell, 5 Cir., 1934, 74 F.2d 353.

In State of Washington v. United States et al., 9 Cir., 1936, 87 F.2d 421, 427, the Court, in its opinion, said: "There are many adjudicated cases in which expressions are made with respect to the tests used to determine whether an absent party is a necessary party or an indispensable party. From these authorities it appears that the absent party must be interested in the controversy. After first determining that such party is interested in the controversy, the court must make a determination of the following questions applied to the particular case: (1) Is the interest of the absent party distinct and severable? (2) In the absence of such party, can the court render justice between the parties before it? (3) Will the decree made, in the absence of such party, have no injurious effect on the interest of such absent party? (4) Will the final determination, in the absence of such party, be consistent with equity and good conscience? If, after the court determines that an absent party is interested in the controversy, it finds that all of the four questions outlined above are answered in the affirmative with respect to the absent party's interest, then such absent party is a necessary party. However, if any one of the four questions is answered in the negative, then the absent party is indispensable."

The interests of the absent parties are the same as those of the Plaintiffs in that, if they have any interest or right to possession or to payments of profits derived from the coal mined, they have undivided interests just as the Plaintiffs have. Such claims concern the common property and are based on a common right growing out of the property, and so, under the Pennsylvania rule mentioned above, it would be necessary for all the co-tenants to join in such action.

When applying the question set out in State of Washington v. United States et al., supra, we must arrive at conclusions such as the following: The interests of the absent parties, both as to possession and as to profits, are not distinct and severable from those of the Plaintiffs. Therefore, Question (1) must be answered in the negative. A decree made in the absence of such parties would have an injurious effect on the interests of such parties for the decree would necessarily, if in favor of the Plaintiffs as to possession, place the Plaintiffs in possession of the coal lands in question, and would not place the absent parties in possession, they not being parties to the suit. Further, a decree, if in favor of the Plaintiffs as to the profits, would give the profits to the Plaintiffs and not to the absent parties, they not being parties to the suit, and it would not be possible to determine the proper shares. Therefore, Question (3) must be answered in the negative. Final determination of the issues involved in this action in the absence of the parties as to whom the order of discontinuance was entered would be inconsistent with equity and good conscience.

The parties named as Plaintiffs as to whom the order of discontinuance was entered were indispensable parties, the jurisdictional defect remains, and the Motion to Dismiss will be granted.