## Crowe et ux. v. Peoples Bank & Trust Co.

Before Lencher, P. J., O'Connor and Taptich, JJ.

*Henry S. Moore* and *Max U. Applebaum,* for plaintiffs.

*Alter, Wright & Barron* and *A. J. Barron,* for defendant.

LENCHER, P. J., March 1, 1951.—Pertinent precedent is unavailable on the basic question before us, although some decisional law has more recently pointed in favor of the grant of the petition of husband plaintiff in an action in assumpsit at the number above indicated in our court. The question is this: Where husband and wife are owners by the entireties of a bank deposit, and she without his knowledge or consent joins the names of both in action against the bank for that deposit, the bank being unable to ask for interpleader since both husband and wife were named parties of record, may the husband—on his rule praying to be taken out of the case as plaintiff, alleging that he and his wife are separated, hostile, each claiming to be title owner of all the deposits—be taken out of the case as an unwilling plaintiff, made a party defendant in the same case, the wife remaining as plaintiff, defendant bank, having indicated its willingness to conform to any solution deemed advisable by the court, then be permitted to deposit the funds with the clerk of our court, and be absolved and relieved of any further responsibility to the parties or to either of them?

Pa. R. C. P. 2302 permits the grant of an interpleader by defendant with plaintiff and one or more claimants *not* parties of record. Thus, in a similar situation where the husband was in the Army and not a party plaintiff, the bank's petition for interpleader was granted: Kohanski v. First National Bank of Nanticoke, 53 D. & C. 529.

Pa. R. C. P. 2227 provides as follows: (a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants. (b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder. At first blush at least, the action in favor of the hus-

band and wife who are owners by the entireties of the bank deposit, must be joint, and suit could not be brought by only one of the parties: McCann, etc., et al. v. Miller et ux., 118 Pa. Superior Ct. 120, 179 A. 820.

Yet the discussions found in 322 Pa. cxxv and in Goodrich-Amram's discussion of rule 2227 as to joinder, supra, indicate a trend in the Pennsylvania courts in keeping with the rules in Federal court and with the practice in equity where no problem would exist here and no plaintiff's petition would be needed. While some of the older cases as discussed in Goodrich-Amram reach no specific decision on such a plea as this unwilling plaintiff makes here, our general situation is not substantially different from the factual problem appearing in Cavalcante v. White, 9 Fayette 74, cited at page 298 of the Goodrich-Amram Annotations, 1951 release, in the notes on interpleader. A lawyer there filed a petition for interpleader alleging that he had funds in his hands in which he had no personal interest which were claimed by P1, who had sued him in assumpsit, and also by P2, who had issued an attachment naming him as garnishee—and as to such garnishee already a defendant in assumpsit, the attachment was no less an original process or summons or writ: Koenig v. Curran's Restaurant, etc., 121 Pa. Superior Ct. 201, 207, 183 Atl. 451. The petition was given a separate term and number from either of the two pending actions. The court ordered the money paid into court, which was done pursuant to its decree. P2 was ordered interpleaded as plaintiff and P1 as defendant. Therefore, P1 moved to set aside the decree in interpleader on the ground that it should not have been filed as an original action with a separate term and number; and because P2 discontinued the attachment action. Yet the court held that there had been no substantial error. True, P2 did not drop out of the assumpsit action initiated by P1 where the latter was the only plaintiff,

but P2 discontinued his own original approach, to wit, his attachment execution. While the rules had not been fully observed, in that the court had permitted the interpleadings as a separate action, it "would serve no purpose to re-open the decree, order repayment to the attorney of the moneys he had paid into court, and have him proceed in one of the other actions, especially since all the proceedings were in the same court".

Rule 2227(*b*), as already noted, permits the joinder of the unwilling coöwner of a purely joint cause of action as a defendant or as an involuntary plaintiff when the substantive law permits. The rule does not state when the substantive law will permit such joinder. As stated in the committee note the joinder of the unwilling person is proper when the action: (1) Is in rem, or (2) is equitable in nature and no money damages are sought, or (3) where the unwilling person can be regarded as barred by his conduct from objecting to the prosecution of the action, or (4) the willing plaintiff and the unwilling person are joint tenants or tenants by the entireties and the action is brought to preserve or recover the jointly owned property or for damages or injury to such property. Obviously this action is, strictly speaking, not in rem. It is not equitable in nature; the unwilling husband cannot be regarded as estopped or barred by his conduct from the objection he now makes to being included as plaintiff in his wife's action; the husband and wife are owners by the entireties; she certainly did not bring this action to preserve the deposits or to prevent any damage or injury to them. A liquidated sum of money is the only thing here sought, the substantive law hardly permits joinder under the circumstances, and the unwilling husband should not remain as an involuntary plaintiff, but he should be made at least a nominal defendant.

Assumpsit certainly lies by one spouse against the other for protection of his or her separate estate; neither should have to wait until the hostile spouse improperly withdraws the money when the remedy might not be assumpsit; no discovery is needed here, there is no complicated account: Ramsey v. Ramsey, 351 Pa. 413, 41 A. (2d) 559. The account is admittedly a tenancy by the entirety, if either had succeeded in withdrawing the fund, all the money would be impressed in his or her hands by the entirety provision that it is the property of both. Appropriation by either would not have severed title to the fund: Madden et al. v. Gosztonyi S. & T. Co., 331 Pa. 476, 200 Atl. 264. Either as respondent could be required in a proper proceeding to account to the other for withdrawals made: Werle v. Werle, 332 Pa. 49, 1 A. (2d) 244; Berhalter v. Berhalter, 315 Pa. 225, 173 Atl. 172.

An interesting situation germane to our problem may be found in the case of Slaymaker v. Snyder County State Bank, 308 Pa. 271, 162 Atl. 217. There a man had a deposit in a defendant bank. After the depositor's death there was found a certificate covering the amount of money in the bank, endorsed in blank by the depositor; also there was found an envelope marked as the property of a certain person in which there was found a check to that named person's order for the amount of the certificate of deposit, also letters from the now deceased depositor to the bank, directing that the certificate be put in such state that a check issued by the now deceased for the amount on deposit would be honored in case anything happened to him. Following the depositor's death the bank defended a suit brought by the administrator of the deceased's estate without calling upon the payee named in the check mentioned, supra, to intervene. A judgment for plaintiff was vacated and remittitur entered directing the payee of the check to bring suit against the bank,

and directing intervention proceedings to be instituted by the bank to bring in the administrator, and directing that such proceedings be duly prosecuted. The Supreme Court ordered that in case the payee refused to bring suit, or if that payee brought the suit and failed to recover, then this order vacating the judgment would on proper application be revoked, and the judgment first found in favor of the administrator would then be affirmed.

The incapacity of a married person to make the spouse a defendant in trespass does not prevent the bringing in of the spouse as additional defendant to the third person who has first been named as original defendant charged with responsibility for the negligence which first led to the wife's injury; a judgment and verdict obtained against such married person who has been made an additional defendant, even though he was an original plaintiff with the wife, will not be enforced by the other spouse who was also an original plaintiff, and simply remains available to the original defendant by way of contribution: Fisher v. Diehl, 156 Pa. Superior Ct. 476, 40 A.(2d) 912. And our Supreme Court has broadened this doctrine to the point where it held recently that under the provisions of Pa. R. C. P. 2254, a plaintiff husband who was involved in an automobile accident in one county and who institutes a suit in trespass in another county to recover damages arising out of the accident may be joined as an additional defendant in that suit and also in suits by passengers in his automobile which were instituted in the same court. The preliminary objections of the husband plaintiff were dismissed, and he was joined as additional defendant "to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction", the Supreme Court declaring that "applicable rules

should, if possible, be construed to accomplish this purpose": Vaughn v. Womeldorf, 366 Pa. 262, 266.

These cases have significant meaning to the situation at hand and encourage us to use the provisions of Pa. R. C. P. 126 (332 Pa. lxvii) which reads) :

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Of course neither this rule nor any other rule should be applied in a manner that would result in a waiver of serious defects and important irregularities, but we ought to disregard procedural irregularities which do not affect the merits of a controversy. See page 3 of Goodrich-Amram's discussion of Rules of Construction, including 126 in the 1950 release of the annotations: Steinert v. Galasso, 363 Pa. 393, 400, 69 A. (2d) 841; McKay et al. v. Beatty et al., 348 Pa. 286, 35 A. (2d) 264.